VIRGINIA PASSENGER BUS
ASSOCIATION, ET AL.

v.

CHESAPEAKE BAY BRIDGE AND
TUNNEL DISTRICT, ETC., ET AL.

April 20, 1979.

Record No. 770793.

Present: All the Justices.

Donald M. Schubert (Calvin F. Major; Goddin, Major, Schubert & Hyman, on briefs), for appellants.

Herbert V. Kelly (Jones, Blechman, Woltz & Kelly, P.C., on brief), for appellees.

PER CURIAM.

The Chesapeake Bay Bridge and Tunnel District is a political subdivision of the Commonwealth of Virginia which, by and through the Chesapeake Bay Bridge and Tunnel Commission, operates and maintains a bridge and tunnel facility which extends from Virginia Beach to Northampton County. For the use of the bridge-tunnel, the Commission assesses tolls of $25 and $26, respectively, on two-axle and three-axle passenger buses and $9 and $11.50, respectively, on two- and three-axle motor vehicles utilized by carriers of property.

The Virginia Passenger Bus Association, Greyhound Lines, Inc., and Carolina Coach Company filed their bill of complaint in the lower court. They alleged that the District, through the Commission, acted unlawfully, arbitrarily, unreasonably and capriciously, and in violation of its authority in establishing toll rates that are higher for commercial vehicles operated by passenger carriers than for commercial vehicles operated by property carriers. Appellants further alleged that such action violated the equal protection clause as well as the commerce clause of the Constitution of the United States and denied them due process and equal protection of the laws under the Constitution of Virginia. Appellants prayed for a declaratory judgment finding, *inter alia*, that the toll-setting action of the Commission was unreasonable and that tolls assessed on two- and three-axle commercial vehicles operated by property carriers be applicable to all commercial vehicles, including those operated by passenger carriers.

A demurrer filed by the appellees was sustained, and the bill of complaint was dismissed upon the ground

> . . . that differentiation by the Commission in setting tolls for two and three axle vehicles which carry passengers and property is lawful and proper and within the power granted unto the defendant, and that the actions of the defendant in said differentiation are not unlawful, arbitrary, unreasonable or capricious, and the Court is further of the opinion that such classification and differentiation does not violate any constitutional rights regarding equal protection, due process, nor are they discriminatory so as to operate any undue burden on interstate commerce.

Appellants sought a reduction of the toll rates applicable to them by petitioning the Commission, but such relief was denied. There being no further administrative procedure available to appellants, they appropriately sought relief in the manner provided by Code § 8-578 by filing their bill for a declaratory judgment. The demurrer filed on behalf of the District and the Commission was the appropriate response to assert appellees' contention that appellants' bill did not state a cause of action or state facts upon which the relief demanded could be granted.

It is well settled that the effect of a demurrer is to admit as true all facts well pleaded in the bill, but if the admitted facts disclose an actual controversy or an actual antagonistic assertion or denial of right, then the appellants are entitled to have the court make a binding adjudication of right. *Yukon Pocahontas Coal Co. v. Ratliff,* 175 Va. 366, 8 S.E.2d 303 (1940). However, the Commission argues that all that the appellants have alleged is that in fixing tolls the appellees have classified buses carrying passengers in a different category from trucks carrying property, resulting in higher rates for buses than for trucks. It contends that this classification, which differentiates between vehicles carrying passengers and vehicles carrying property, *is so obvious, natural and reasonable* that its validity speaks for itself and cannot be the subject of any logical argument. Appellees cite *Arlington County v. Richards,* 217 Va. 645, 651, 231 S.E.2d 231, 235, *vacated,* 434 U.S. 5, *reh. denied,* 434 U.S. 976 (1977), where we said:

> In setting permit "rates", local governments are authorized to "differentiate" between two classes of motor vehicles, *viz.*, "motor vehicles upon which a license fee is paid to the political subdivision issuing such permit and other motor vehicles."

Further we stated:

> When the basis is not suspect, the classification is constitutionally permissible if the governmental objective is "legitimate" and the classification bears a "reasonable" or "substantial" relation thereto.

217 Va. at 648, 231 S.E.2d at 233.

■ Appellants do not question the presumption of validity that attaches to certain actions by a political subdivision but, relying on *Kisley* v. *City of Falls Church,* 212 Va. 693, 697, 187 S.E.2d 168, 171 (1972), argue that such a presumption may be "overcome by unreasonableness apparent on the face of an ordinance or by extrinsic evidence which clearly establishes the unreasonableness. (Citation omitted)." It also points to the language of this Court, found in *Sheek* v. *City of Newport News,* 214 Va. 288, 290, 199 S.E.2d 519, 521 (1973), where we said that such an ordinance must be upheld "*[u]nless* clear and convincing proof demonstrates that an ordinance is arbitrary and unreasonable . . . ." (Italics supplied.) The sole question here is whether, as the lower court held, the appellants should be denied the opportunity to submit such extrinsic evidence and to demonstrate, if they can, the arbitrariness and unreasonableness of the classification complained of in their bill of complaint. To uphold the lower court's decision we would have to find the classification to be reasonable as a matter of law, and that we cannot do.

There are obvious differences between a passenger bus and a property-carrying truck which arguably support a different classification for each. However, beyond the obvious there are also differences or similarities that could bear on a particular category, *i.e.*, weight, width, height, length, tire size, wheel base, number of axles, cost, damage-inflicting potential, revenue producing capacity and life expectancy. In the case under review we have classifications for commercial vehicles which rest on the *type* of body, *i.e.*, bus or truck, and the *number* of axles on which such body is installed. Perhaps this is a reasonable distinction. How-

ever, the appellants say that the operators of two- or three-axle passenger vehicles are similarly situated to those who operate two- or three-axle property-carrying vehicles. They allege that there is no justifiable, reasonable or rational basis to charge the two groups different tolls. Their complaint is that the category is not founded upon pertinent and real differences, and they maintain that any presumptive or apparent reasonableness of the Commission's classification does not immunize it from attack.

The Commission cites *Sproles* v. *Binford*, 286 U.S. 374 (1932), where, in considering a state regulation concerning weight limitations on vehicles using public highways, the United States Supreme Court approved a distinction between buses and trucks. However, it is significant that the findings of the Court in *Sproles* followed a detailed and factual presentation of the evidence relating to the classification which was there challenged. In Mr. Chief Justice Hughes' opinion, specific reference is made to the number of trucks in use in Texas as compared to passenger buses. Reference is made to the weight, width and length of the vehicles; average distance traveled; community need; and highway safety. And the Court specifically notes: *"Upon the facts found,* the District Court concluded that the requirements of the statute ... were reasonable ... ."* 286 U.S. at 387. (Italics supplied).

It is our conclusion that here there is an actual controversy and an actual antagonistic assertion or denial of right between the appellants and the appellees. While the classification made by the Commission is presumptively reasonable, we cannot say, as the Commission contends, that it "is so clear on its face and involves such a natural category as to conclude that its reasonability would not even be debatable". The reasonableness of the classification is the principal issue in this case and one to be developed when the case is heard upon its merits, which we do not now consider.

For the reasons stated, the judgment of the court below is reversed. The cause is remanded with direction that it be reinstated on the docket of the court below for such further action by the parties as may be indicated.

*Reversed and remanded.*