## Richmond

ROBERT H. BLODINGER, ET AL.

V.

BROKER'S TITLE, INC., ET AL.

Record No. 791723.

September 9, 1982.

Present: All the Justices.

202

*George R. St. John (George R. St. John Associates,* on brief), for appellants.

*Craig T. Redinger (Lowe & Gordon, Ltd.,* on brief) for appellees.

*Amicus Curiae: Commonwealth of Virginia, Virginia State Bar. (Marshall Coleman, Attorney General; Walter H. Ryland, Chief Deputy Attorney General; Leonard L. Hopkins, Jr., Assistant Attorney General,* on brief), for appellants.

STEPHENSON, J., delivered the opinion of the Court.

Robert H. Blodinger and four other attorneys (collectively, the attorneys) filed a declaratory judgment action against Broker's Title, Inc., and certain of its officers (collectively, the company or Broker's Title), asking the trial court to determine that the company was engaged in the unauthorized practice of law. The trial court dismissed the suit, holding there was no actual, justiciable controversy between the parties and, therefore, declaratory judgment did not lie. The attorneys appeal this ruling.

Broker's Title serves as the local agent for a title insurance company. As such, it participates in the closing of real estate transactions. The attorneys refused to deal with the company or to participate in closings where it was represented, believing to do so would aid the unauthorized practice of law.

Counsel for Broker's Title wrote the attorneys, denied the company was engaged in the unauthorized practice of law, and suggested the parties seek an "amicable remedy" to the situation. If this was not possible, the company suggested the parties seek a judicial determination. Less than two weeks later, the attorneys brought this suit. Thereafter Broker's Title brought an antitrust action against the attorneys in federal court. (The federal suit has been stayed pending a resolution of this case.)

■ Broker's Title asserts no actual controversy exists between the parties and, therefore, declaratory judgment is not proper. *Virginia Bus Assoc.* v. *Tunnel Dist.,* 219 Va. 988, 990, 254 S.E.2d 54, 55 (1979); *City of Fairfax* v. *Shanklin,* 205 Va. 227, 229, 135 S.E.2d 773, 775 (1964). This assertion is contradicted by the company's actions. It was the company that suggested the parties seek a judicial determination, which the attorneys proceeded to do. It is the company that alleges, in the federal suit, that the attorneys are engaged in an illegal boycott. Clearly, an actual controversy exists between the parties.

■ The company argues that while there may be a disagreement over whether it is engaged in the unauthorized practice of law, no rights or obligations of the attorneys have been infringed entitling them to a declaration of this fact. The attorneys, however, had a vested interest in this determination. They feared participation in closings with Broker's Title would subject them to possible disciplinary action.[1] Conversely, they worried, as has turned out to be the case, their continued refusal to deal with the company would lead to possible antitrust liability.

The attorneys were not seeking an answer to a hypothetical question. A determination of the legality of the company's activities was essential if the attorneys were to avoid the possibility of both disciplinary action and a law suit.

■ The company asserts further that if a controversy exists it has matured past the point where declaratory judgment would lie. Citing *Liberty Mutual Ins. Co. v. Bishop,* 211 Va. 414, 177 S.E.2d 519 (1970), it argues once damages accrue the proper remedy is an action at law. Broker's Title argues it was damaged the moment the attorneys started their boycott.

Unlike *Liberty Mutual,* this case involves an alleged continuing harm and mounting damages. Further, the company's position is that the attorneys could not bring a declaratory judgment action because it was entitled to file an antitrust suit. This argument puts the attorneys at the company's mercy, forcing them to continue their boycott and subject themselves to possible growing liability until the company sees fit to file suit. Yet the purpose of the Declaratory Judgment Act is to "afford relief from the uncertainty and insecurity attendant upon controversies over legal rights, without requiring one of the parties interested so to invade the rights asserted by the other as to entitle him to maintain an ordinary action therefor." Code § 8.01-191.

■ Finally, Broker's Title argues declaratory judgment was precluded by the availability of other remedies. It argues a determination of its conduct could have been made through a criminal prosecution (Code § 54-44), a writ of quo warranto (Code § 8.01-

---

[1] The attorneys were concerned that by dealing with Broker's Title they would violate Disciplinary Rule 3-101A which prohibits a lawyer from aiding the unauthorized practice of law. 216 Va. 1090 (1976).

636,[2] or an advisory opinion of the Virginia State Bar (Rules of Court, Part 6, § IV, ¶ 10, 219 Va. 367-71 (1978)). We reject the argument that the existence of any of these remedies precluded the use of declaratory judgment.

Neither a criminal proceeding nor a writ of quo warranto was available to the attorneys, since such actions may be brought only on behalf of the Commonwealth. Nor does the fact that unauthorized practice of law is a misdemeanor preclude declaratory relief. The attorneys were not vigilantes seeking to prosecute the company in the stead of the Commonwealth. *See Connecticut Soc'y. of Architects, Inc.* v. *Bank Bldg. & Equipment Corp.*, 151 Conn. 68, 193 A.2d 493 (1963); *Wisconsin Pharmaceutical Ass'n.* v. *Lee*, 264 Wis. 325, 58 N.W.2d 700 (1953). Their goal was not solely to stop the illegal conduct of others, but to insure their own conduct conformed to the law and the tenets of the legal profession.

Further, the availability of an advisory opinion did not preclude the use of declaratory judgment. In fact, the attorneys sought help from the State Bar, only to be told all advisory opinions in regard to the subject recently had been withdrawn.[3] In any event, an advisory opinion, based on a hypothetical set of facts, could not resolve questions regarding the actual conduct of Broker's Title. These issues could be resolved by declaratory judgment.

For the reasons stated, we conclude the bill of complaint stated a cause of action for declaratory judgment under the statute, and the trial court erred in dismissing the suit. Indeed, the court had the "inherent power, apart from statute" to inquire into possible unauthorized practice of law. *Richmond Ass'n of Cr. Men* v. *Bar Ass'n*, 167 Va. 327, 335, 189 S.E. 153, 157 (1937). Accordingly, the decree of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*

---

[2] After the present suit was brought, this section was amended to provide for the issuance of a writ against any person engaged in the unauthorized practice of a profession. Acts 1980, ch. 705.

[3] We have recently approved advisory opinions regarding the practice of law by title insurance companies. Rule 6.1-7.