HOP-IN FOOD STORES, INC., ET AL.

V.

SERV-N-SAVE, INC.

Record No. 870222

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

---

* Justice Poff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 1988.

*Gregory L. Lyons (Gerald A. Dechow; Terry E. Parsell; Gardner, Moss & Rocovich, P.C.*, on briefs), for appellants.
*Gary E. Tegenkamp (David B. Hart; Robert Jett Ingram, Jr.; Fox, Wooten & Hart, P.C.*, on brief), for appellee.

WHITING, J., delivered the opinion of the Court.

In this appeal, we deal with the scope of relief afforded by the declaratory judgment statutes. Code §§ 8.01-184 to -191. The trial court held that such relief was not available to construe a provision of a written lease to determine whether continued occupancy of certain premises would subject a lessee to liability for continuing damages, and his employees and customers to criminal liability for trespass.

Because the case was decided on demurrer, we accept as true the material facts which are well pleaded, as well as all reasonable

inferences which might be drawn from those facts. *Burns* v. *Board of Supervisors*, 218 Va. 625, 627, 238 S.E.2d 823, 824-25 (1977).

On November 25, 1980, Hop-In Food Stores, Inc. (Hop-In), owner of a convenience store, leased a part of its store premises in Chesterfield County to Serv-N-Save, Inc. (Serv). Serv installed fixtures and equipment necessary to dispense gasoline and petroleum products from a "gasoline island" in front of the convenience store and did business there for a number of years. The lease extended for a period of 10 years and Serv had two five-year renewal options. The lease provided, however, that

> in the event the business operation with which the special use hereunder is operated jointly is terminated, [Serv] may remove the equipment and related facilities installed hereunder and [Hop-In] shall pay to [Serv] a pro rata part of the costs of installing and removing said equipment and related facilities . . . .

On May 31, 1984, Hop-In sold the premises to third parties and became the lessee of those parties. On July 16, 1986, Hop-In wrote Serv that it would terminate its own business operations at the location on August 1, 1986 and had effected a cancellation of its lease as of that date. Hop-In notified Serv that it had 10 days in which to remove its equipment; when Serv failed to do so, Hop-In removed the equipment. The owners of the premises then leased them to Davis Express Marts, Inc. (Davis), and Davis installed the necessary equipment to engage in the self-service sale of gasoline on that part of the premises formerly occupied by Serv.

On August 18, 1986, Hop-In wrote Serv that it had had Serv's equipment removed and placed in storage. On August 22, 1986, an attorney for Serv wrote Davis threatening to prosecute Davis's employees and customers for criminal trespass if they entered upon Serv's area in "any way that will interfere with [Serv's] right to use it for the sale of gasoline and other petroleum products."

On September 9, 1986, Hop-In filed this declaratory action against Serv to have the court construe a provision of Hop-In's lease with Serv to determine whether Hop-In had the right to terminate its lease with Serv upon the cessation of Hop-In's business. On September 17, 1986, Davis became a party plaintiff to the motion for declaratory judgment. That same day, Serv filed a motion

for judgment against Hop-In, but not Davis, in the Circuit Court of the City of Roanoke, seeking compensatory and punitive damages for Hop-In's alleged common-law trespass in removing Serv's equipment.[1]

Serv demurred to Hop-In's and Davis's amended motion for declaratory judgment on the grounds that: (1) it failed to state a claim upon which relief could be granted; (2) an adequate remedy at law existed to resolve the issue; and (3) the court had no power to exercise its jurisdiction to entertain a declaratory judgment action. The circuit court sustained the demurrer and Hop-In and Davis have appealed.

■ Serv argues that our standard of review turns on whether the trial court abused its discretion in sustaining the demurrer. The flaw in this argument is that there is no discretion involved in ruling upon a demurrer. Such a ruling is confined to the legal sufficiency of a pleading, and does not involve a consideration of disputed facts. *Bellamy* v. *Gates and Gill*, 214 Va. 314, 315-16, 200 S.E.2d 533, 534 (1973).

Serv maintains that Hop-In and Davis already construed the lease by removing Serv's equipment and occupying the premises and, therefore, they had an adequate remedy in their defense of the action Serv filed in the Circuit Court of Roanoke County. The trial court agreed and held that the cases of *Liberty Mutual Insurance Company* v. *Bishop*, 211 Va. 414, 177 S.E.2d 519 (1970), and *Williams* v. *Bank of Norfolk*, 203 Va. 657, 125 S.E.2d 803 (1962), controlled this case. For the reasons which follow, we find that the trial court erred.

■ In *Liberty Mutual*, two secondary insurance carriers which had *paid* a claim[2] filed a declaratory action against an alleged primary insurance carrier, contending that the latter's policy provisions required it to pay the claim because its policy provided the primary coverage. We held that the other two insurance companies had an adequate remedy to seek to recover the amounts they had paid in settlement. We said, "the various claims and

---

[1] Serv attaches no significance to the timing of this action: it says that dismissal of the present action was not based on notions of concurrent jurisdiction or on "first in time, first in right."

[2] We contrast this situation with those in which liability insurance companies have been permitted to litigate their *potential* liability under their policies to defend an insured in declaratory judgment proceedings conducted before the liability claim is tried. *Reisen* v. *Aetna Life & Cas. Co.*, 225 Va. 327, 302 S.E.2d 529 (1983).

rights asserted had all accrued and matured, and . . . the wrongs had been suffered when their petition for a declaratory judgment was filed." 211 Va. at 421, 177 S.E.2d at 524. Here, however, Davis has no right to file an action at law or a suit in equity against Serv, nor is Davis a party to the Roanoke County action. Without its declaratory judgment remedy, Davis would be compelled simply to wait until Serv decided to prosecute its employees and customers for trespass. Moreover, without an adjudication in this action, Davis would accrue an additional potential liability for damages every day those employees and customers entered upon the premises.

We have recognized the availability of a declaratory judgment remedy in cases involving potential liability for continuing damages. In *Blodinger* v. *Broker's Title, Inc.*, 224 Va. 201, 204, 294 S.E.2d 876, 878 (1982), attorneys were concerned, on the one hand, with their potential liability for future anti-trust damages if they unjustifiably refused to deal with a title insurance company they believed was engaged in the unauthorized practice of law and, on the other hand, with possible future disciplinary violations if they dealt with the title company should it later be held to be engaged in the unauthorized practice of law.

In *Williams* v. *Bank of Norfolk, supra*, a bank sought a declaratory judgment and an injunction against a former borrower who had threatened the bank with 11 separate actions for malicious prosecution. 203 Va. at 658-59, 125 S.E.2d at 804. In holding that the bank was not entitled to declaratory judgment relief, we pointed out that it asked for no construction of rights expressed in written instruments or statutes, and that the only controversy was whether the bank made a full disclosure to its counsel and the Commonwealth's Attorney before the prosecutions were filed. In contrast, in any future criminal prosecutions or civil actions, the defense of Davis, its employees, and its customers will turn on whether Hop-In had the right to terminate the lease, and that requires a construction of the written lease between Hop-In and Serv.

Serv suggests that Davis has "a number of adequate remedies at law including, but not limited to, unlawful detainer, ejectment and trespass." Since Serv already has lost possession of the premises, we fail to understand how any of those essentially possessory actions against Serv are available to Davis. Serv suggests no other form of action available to Davis, and we can think of none.

Given the unavailability of any remedy by the customary processes and the liberal construction enjoined upon us so as to make "the courts more serviceable to the people," Code § 8.01-191, we hold that Davis is entitled to maintain this declaratory judgment action to determine whether Serv or Davis had the right to occupy the premises. We need not decide whether Hop-In had an independent right to maintain this declaratory judgment action; its presence in the action brought by it and Davis is necessary to conserve judicial resources and to avoid an inconsistent construction of the lease by another court.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*