## CIRCUIT COURT OF FAIRFAX COUNTY

FSG Capital Corp.

v.

Bristol Associates

November 27, 1990

Case No. (Chancery) 115577

By JUDGE THOMAS S. KENNY

This cause is before the Court upon the demurrer of the defendant, Bristol Associates ("Bristol") to the bill of complaint of the plaintiff, FSG Capital Corp. ("FSG"). Plaintiff seeks a declaratory judgment that a promissory note made by the defendant ("the Note") is valid and enforceable and that the note has been anticipatorily breached.

The facts alleged in this case are as follows: FSG is the holder of the Note, which Bristol had given to Integrated Financial Services, Inc., and which was subsequently negotiated to FSG. Since that acquisition, FSG has pledged the note as security for a loan. In December of 1989, Bristol's limited partners determined that the Note had been executed in violation of the limited partnership agreement and removed the general partner which had executed the Note on the limited partnership's behalf. Fearing that the actions taken by the defendant's limited partners might affect the Note's validity, FSG sought assurances from Bristol that the Note was still valid and enforceable. The defendant failed to respond to this request, and the plaintiff commenced the present declaratory

judgment action two weeks later. The defendant timely demurred.

In considering this matter, the court will apply the well-settled rule that a demurrer admits the truth of all material facts pleaded, including facts expressly alleged and all reasonable inferences arising therefrom. *Fox v. Deese*, 234 Va. 412, 415 (1987). In determining the scope of the pleadings in this case, the court cannot look to the documents referenced but not actually made a part of the plaintiff's complaint. Va. Sup. Ct. R. 1:4(i). Accordingly, I have not read the Note or other documents submitted by the defendant as attachments to its brief.

The demurrer is sustained. The plaintiff has blended declaratory judgment claims and breach of contract claims into a confusing mix that will not support the relief requested.

Declaratory judgment actions are permitted under Sections 8.01-184 *et seq.* of the Virginia Code in "cases of actual controversy" involving an "antagonistic assertion and denial of right." Section 8.01-184. They are not appropriate where the claims between the parties have completely matured and any wrongs to be suffered have already been suffered. *Liberty Mut. Ins. Co. v. Bishop*, 211 Va. 414 (1970). Thus, if an anticipatory breach of contract has already occurred, as plaintiff alleges, a declaratory judgment is not the mechanism to determine that. There are actions available at law to adjudicate such anticipatory breaches. *See e.g., Board of Supervisors v. Ecology One, Inc.*, 219 Va. 29 (1978).

In short, I believe that if an anticipatory breach is involved here, plaintiff's recourse must be an action at law to assert its fully matured and accrued rights, not an action to declare those rights. Furthermore, the decision on whether there has in fact been such a breach is one for the jury to make. *Board of Supervisors v. Ecology One, Inc., supra.* Declaratory judgment should not be used to deprive the defendant of his right to trial by jury. *Williams v. Bank of Norfolk*, 203 Va. 657 (1962).

On the other hand, if plaintiff does not wish to assert a claim now that there has been an actual anticipatory breach, but merely seeks a statement that at maturity the Note will represent a binding obligation on the defendant, this is also an inappropriate use of a declaratory

judgment proceeding. It would represent a classic example of an advisory opinion. "[T]he courts are not constituted, and the declaratory judgment statute was not intended to vest them with authority, to render advisory opinions, to decide moot questions, or to answer inquiries which are merely speculative." *City of Fairfax v. Shanklin*, 205 Va. 227, 229-230 (1964). There must be a presently existing justiciable issue, ripe for judicial adjustment. *Board of Supervisors v. Rowe*, 216 Va. 128 (1975); *Hop-In Food Stores, Inc. v. Serv-N-Save, Inc.*, 237 Va. 206 (1989).

Because I am sustaining the demurrer on the grounds that declaratory judgment is not proper in this case in any event, I will dismiss the case without leave to amend but without prejudice to plaintiff's right to bring an anticipatory breach of contract claim on the law side of the court, where such an action properly lies. I am specifically reserving any ruling on whether the facts as alleged in the present complaint, if properly pleaded, would be sufficient to support such a claim.