# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Fidelity National Title
Ins. Co. of New York

v.

Southern Heritage Title
Ins. Agency, Inc., et al.

June 12, 1997

Case No. (Law) CL97-86

BY JUDGE EDWARD W. HANSON, JR.

This matter comes on Defendant's Demurrer to Plaintiff's Motion for Judgment. This case arises out of an alleged breach of contract between the parties. Plaintiff and Defendant allegedly entered into a contract where Plaintiff agreed to act as underwriter to Defendant in its title insurance business. The Motion for Judgment alleges that the defendant breached this contract when it negligently or fraudulently issued title insurance and refused to pay on the policy.

*Standard for Granting a Demurrer*

The function of a demurrer is merely to test whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A) (Michie, 1977), *see also, Grossman v. Saunders*, 237 Va. 113 (1989). The court may consider only those matters stated on the face of the pleadings demurred to or exhibited therewith. The court's ruling does not involve consideration of disputed facts but rather is confined to issues of the legal sufficiency of the allegations. *Hop-In Food Stores, Inc. v. Serv-N-Save, Inc.*, 237 Va. 206 (1989).

Defendant raises three issues which this Court must consider. First, the demurrant alleges that it is not a party to the contract in question and, therefore, cannot be held liable for any breach and, secondly, that the law in Virginia forbids a litigant from seeking nominal damages. And finally, Defendant argues that Plaintiff is barred from seeking attorney's fees in a separate action which it had to defend due to the alleged breach of contract.

## Misnomer

Defendant argues that Plaintiff has actually sued the wrong party; therefore, its demurrer should be sustained. The law in Virginia is clear that even in the case of misjoinder, or misnomer, a demurrer should not be sustained. Va. Code Ann. § 8.01-5 (Michie, 1977). Plaintiff correctly argues that the misnomer in a contract, if there is in fact one, is not grounds for granting a demurrer. Rather, it is a question for the finder of fact. "[A] misnomer in a corporate name does not invalidate a contract when it is clear what corporation the parties intended and such a mistake may be ... shown in evidence ...." *Latiaf v. Comm. Indus. Const., Inc.*, 223 Va. 59, 63 (1982).

The proper remedy for misnomer is not dismissal but an amendment to the pleadings. "Amendment of a pleading to substitute a party is especially appropriate '[w]here the substituted party bears some relation of interest to the original party and to the suit, and there is no change in the cause of action ....' " *Lake v. Northern Va. Women's Medical Center*, 253 Va. 255 (1977).

## Nominal Damages

Defendant argues that the law in Virginia dictates that a plaintiff's ad damnum clause must ask for a specific amount. Although this is the general rule, the Virginia Supreme Court does allow for an award of nominal damages. "An award of nominal damages is appropriate when there is a legal right to be vindicated against an invasion that has produced no actual, present loss of any kind or where, from the nature of the case, some injury has been done but the proof fails to show the amount." *Town & Country Properties v. Riggins*, 249 Va. 387, 399 (1995). The Motion for Judgment asks that nominal damages be awarded in this case. The alleged facts of this case indicate that it is appropriate to ask for such damages.

## *Attorney's Fees*

Plaintiff alleges that Defendant's breach of contract cost it attorney's fees in litigation with a third party. This allegation clearly falls within an exception created by the Virginia Supreme Court.

> If the plaintiff can show that the defendant's breach of contract has caused litigation involving the plaintiff in the payment of counsel fees, court costs, and the amount of a judgment and shows further that such expenditure is reasonable in amount and could not have been avoided by him by reasonable and prudent effort, he can recover damages against the defendant measured by the amount of these expenditures.

*Hiss v. Friedberg*, 201 Va. 572, 578 (1960).

At this early stage in the proceedings, it is proper for Plaintiff to allege these facts and ask for fees.

## *Conclusion*

Plaintiff has made allegations that support the relief prayed for. At this stage in the proceedings, the alleged facts are proper. Defendant's demurrer is denied.