## CIRCUIT COURT OF FAIRFAX COUNTY

George Kontzias
and Helen Kontzias

v.

CVS, Inc.

December 9, 1997

Case No. (Law) L164966

BY JUDGE STANLEY P. KLEIN

This case is before the Court on defendant CVS, Inc.'s demurrer to the Petition for Declaratory Judgment filed by plaintiffs George and Helen Kontzias. CVS contends that the Petition does not fall under the purview of Virginia's declaratory judgment statute. After considering the arguments of both parties, the demurrer is sustained for the reasons articulated below.

Kontzias brought this action against CVS for the alleged breach of an agreement entered into between the parties. Specifically, Kontzias asserts that CVS agreed to lease certain real property owned by Kontzias for the establishment of a CVS store in McLean, Virginia. Kontzias further alleges that CVS "repudiated the lease transaction and . . . breached the agreement reached between the parties." *Petition*, § 17. Pursuant to Va. Code § 8.01-184, Kontzias seeks a declaration by this Court establishing the enforceability of the leasing contract and ordering that, in the event CVS fails to perform its obligations under the agreement, Kontzias will be entitled to damages of not less than $15,000,000.00.

Va. Code § 8.01-184 provides this Court with the power to "make binding adjudications of right" in cases of "actual controversy." The purpose of § 8.01-184 is remedial. The statute was enacted "to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights, without requiring one of the parties interested so to invade the rights asserted by the other as to entitle him to maintain an ordinary action therefore." Va. Code § 8.01-191. *See also, Liberty Mutual Ins. Co. v.*

*Bishop*, 211 Va. 414, 418 (1970) (citing *Criterion Ins. Co. v. Grange Mutual*, 210 Va. 446, 448-49 (1970)). The declaratory judgment action is intended to provide preventative relief. *Williams v. Bank of Norfolk*, 203 Va. 657, 662 (1962). In cases where "a right has matured or a wrong has been suffered, customary processes of the court, where they are ample and adequate, should be adopted." *Id.* (citing *American National Bank & Trust Co. v. Kushner*, 162 Va. 378, 386 (1934)). *See also, Hop-In Food Stores v. Serv-N-Save*, 237 Va. 206 (1989); *Haughton v. Lankford*, 189 Va. 183 (1949); *Chick v. MacBain*, 157 Va. 60 (1931).

In its demurrer, CVS argues that the Petition should be dismissed because Kontzias already has an adequate remedy at law. That is, based on the allegations set forth in the Petition, Kontzias may sue for breach of contract and seek specific performance or monetary damages. In addition, CVS asserts that the present action is not appropriate for declaratory judgment because the Petition asks for a declaration as to a disputed fact; i.e., the validity and enforceability of the lease agreement, rather than a construction of definite stated rights.

Kontzias contends that an "actual controversy" exists between the parties as to the enforceability of the contract. In addition, Kontzias asserts that an action for declaratory judgment may be maintained even where other remedies exist, based on the language contained in § 8.01-186, which provides that "[f]urther relief based on a declaratory judgment order or decree may be granted whenever necessary or proper."[1] Finally, Kontzias argues that the Petition seeks a construction of definite stated rights embodied in the alleged agreement between the parties, and as such, the petition is valid under § 8.01-184. The Court disagrees with Kontzias.

Kontzias' blanket assertion that a party may pursue a claim under § 8.01-184, even where other remedies exist, is without merit. Although the language contained in § 8.01-184 and § 8.01-186 may support Kontzias' argument that the availability of other relief does not deprive a court of jurisdiction under Virginia's declaratory judgment statute, the Virginia Supreme Court has nevertheless clearly interpreted the statute to provide that

---

[1] In addition to the language contained in § 8.01-186, § 8.01-184 provides the Court with authority to entertain a declaratory judgment action even where "consequential relief is, or at the time could be, claimed . . . ." Although Kontzias does not cite this provision in plaintiffs' brief, the language is consistent with Kontzias' assertion that declaratory relief is available even where a plaintiff may pursue other remedies. However, in light of the binding precedent interpreting the entire declaratory judgment statutory scheme, the language in § 8.01-184 does not affect the Court's analysis.

where a plaintiff has an adequate remedy at law or equity, the action is not one for declaratory judgment. *Williams, supra* at 663; *Liberty Mutual, supra* at 419-20; *Kusher, supra* at 386. The Virginia Supreme Court has further held that, "as a rule," exercising jurisdiction over a declaratory judgment action is precluded where "some other mode of proceeding is provided." *Liberty Mutual, supra* at 421. In this case, Kontzias may maintain an action for breach of contract based on the allegations set forth in the petition. Indeed, Kontzias has expressly stated that the lease contract was *breached* by CVS. *Petition,* ¶ 17.

Kontzias has also asked this Court to make a declaration of monetary damages in the event CVS fails to perform the contract. Section 8.01-184 does not provide this Court with jurisdiction to adjudicate the amount of monetary damages Kontzias may sustain based on a speculative, future nonperformance by CVS. Because the issue of prospective damages is not yet justiciable, the Court is without jurisdiction to make such a determination.

As the relief prayed for in the Motion for Judgment is neither preventative nor definite, the petition does not set forth a cause of action cognizable under Virginia's declaratory judgment statute. Accordingly, CVS's demurrer to the Petition for Declaratory Judgment is sustained, and the petition is dismissed. Kontzias shall have twenty-one days to file amended pleadings praying for affirmative relief.