# Richmond.

## RICHMOND CITY v. EPPS, SERGEANT.

### MARCH 29, 1900.

1. MANDAMUS—*When Writ Will Lie—Compensation of Officers.*—Mandamus is the proper remedy to compel the payment of the salary or other compensation due to an officer of a municipal corporation where the salary or compensation is fixed by law, and the issue of the warrant therefor and the payment thereof are mere ministerial duties, but it does not lie if the salary or compensation is in anywise discretionary. The claimant must have a clear and specific legal right to receive the money claimed, and there must be imposed upon the officer on whom the demand is made the specific legal duty to draw the warrant therefor, or to pay it.

2. JAILER'S FEES—*State and City Prisoners—Sections 3527 to 3532 of Code.*—No provision has been made by statute fixing the fees or compensation of the sergeant of a city, who is the keeper of its jail, for receiving and supporting persons confined in jail for a violation of the ordinances of the city. Sections 3527 to 3532 apply only to State prisoners and fees to be paid out of the State Treasury. But if section 3532 applied to city prisoners also, the jailer's compensation from the city should be computed without reference to the number of State prisoners confined in jail, and so likewise his compensation from the State should be computed without reference to the number of the city prisoners confined.

Error to a judgment of the Hustings Court of the city of Richmond, rendered January 20, 1900, on an application for a *mandamus,* wherein the defendant in error was the petitioner, and the plaintiff in error was the respondent.

*Reversed.*

The opinion states the case.

*H. R. Pollard,* for the plaintiff in error.

*L. O. Wendenburg,* for the defendant in error.

RIELY, J.:

This is a writ of error to a judgment of the Hustings Court of the city of Richmond, upon a petition by the Sergeant of the city for a writ of *mandamus* to compel the Auditor of the city to issue a warrant upon its Treasurer for certain sums of money claimed by the Sergeant to be due him as jailer for receiving and supporting persons confined in jail for violating ordinances of the city, or under a *capias pro fine* for failure to pay fines imposed for violation of the said ordinances. The Hustings Court awarded the writ.

*Mandamus* no doubt lies to compel the payment of the salary or other compensation due to an officer of a municipal corporation where the salary or compensation is fixed by law, and the issue of a warrant therefor and the payment thereof are mere ministerial duties, but it does not lie if the salary or compensation has not been provided for and fixed by law, or is in anywise discretionary. The party seeking the writ must have a clear and specific legal right to receive the money claimed, and there must be imposed on the officer upon whom the demand is made the specific legal duty to draw his warrant therefor or to pay it. Spelling on Extraordinary Relief, secs. 1481, 1483; *Tyler, Sergt.* v. *Taylor, Auditor,* 29 Gratt. 765; *Milliner* v. *Harrison,* 32 Gratt. 422; and *Page* v. *Clopton,* 30 Gratt. 415.

It is an admitted fact in the case that there is no ordinance of the city of Richmond authorizing its Auditor to issue his warrant for any sum whatever to the Sergeant of the city for receiving and supporting persons confined in jail for a violation of the ordinances of the city. The petitioner asserts that section 3532 of the Code prescribes and fixes the compensation he is entitled to receive for the said service. The city denies that the section referred to has any application to the case, but asserts, if it be held to apply, that his compensation should be

computed with reference to the whole number of prisoners in jail, those confined therein for offences committed against the Commonwealth as well as those incarcerated for offences against the city.

An examination of that section and the preceding sections to and including section 3527 shows clearly that they apply only to payments out of the State Treasury for services rendered to the Commonwealth with respect to persons who are charged with having violated her laws or been convicted therefor, and that they do not refer in any manner whatever to payments out of the City Treasury for similar services rendered to the city with respect to persons who are charged with, or have been convicted of, the violation of its ordinances. The fees prescribed and fixed by these sections are plainly for services rendered to the Commonwealth, and it is expressly provided that they shall be paid out of the State Treasury. The fees are confined to services to the State, and are charged upon its treasury. No charge is made by those sections upon the City Treasury for like services rendered to the city for a violation of its ordinances. Such services, and compensation therefor, are not comprehended by their provisions, or in any manner referred to. This was the plain construction of those sections as they stood in the Code of 1887, and it has been emphasized by the amendment made by the act approved February 24, 1890 (Acts 1889-'90, p. 79), to section 3532, which provides expressly that "no payment shall be made out of the treasury for receiving, keeping, and supporting any prisoner committed to jail for a violation of the ordinances of any city or town, or who is in jail under a *capias pro fine* issued for a failure to pay a fine imposed for a violation of such ordinances."

· Section 1017 of the Code prescribes that the clerks of the courts, and the attorney for the Commonwealth of a city, shall perform like duties and receive the same fees as the clerks of the courts, and attorneys for the Commonwealth, of a county. But

the sergeant of a city is not named in the statute, and is not included in its provisions. If the Legislature had intended to prescribe the fees of this officer also, it was easy to say so, and to have included him along with the other officers named. Whether the omission was intentional or is the result of oversight, the consequence is the same, that the fees of the sergeant as jailer, for receiving and supporting persons incarcerated for the violation of the ordinances of a city, are not fixed by statute.

Section 1018 provides that the sergeant of a city shall perform the duties, receive the compensation, and be subject to the liabilities, prescribed in the charter of his city.

The duties of the jailer and the services required of him with respect to the persons confined in jail, whether for a violation of the laws of the State or of the ordinances of a city, are precisely the same, and there is no reason why there should be any difference in his compensation for the two classes of prisoners. It would be incongruous, if the compensation was not the same in both cases.

Nor is there any sound reason, if section 3532 applied to persons confined in jail for the violation of the ordinances of a city as well as to persons so confined for violating the laws of the State, and fixed the fees of the jailer for receiving and supporting them in jail, why his compensation from the city should not be computed without regard to the number of persons who may be confined in jail for a violation of the laws of the State. The State could with equal propriety insist that the compensation due from her should be computed with reference to the number of persons who might happen to be confined in jail for a violation of the ordinances of the city. The two classes of prisoners are as distinct as is the distinction between a violation of the laws of the State and a violation of the ordinances of the city; and the compensation against the State or city, as the case might be, should be computed without reference to the

number of persons confined in jail for the violation of the laws of the one or the ordinances of the other.

But as no provision has been made by statute fixing the fees or the compensation of the sergeant of a city, who is by virtue of his office the keeper of its jail, for receiving and supporting persons confined in jail for a violation of the ordinances of the city; and as the city of Richmond has not adopted by ordinance the scale of fees fixed by statute for receiving and supporting persons confined in jail for the violation of the criminal laws of the State, nor prescribed any other specific compensation to its sergeant for like service towards persons confined in jail for the violation of its ordinances, it, therefore, follows, in accordance with the well established rule that *mandamus* only lies in a case of this nature where there is a clear right to a fixed sum of money, or to an amount ascertainable by a mere computation, and where the issue of a warrant therefor and its payment is merely a ministerial duty, that the petitioner is not entitled to the writ.

This conclusion is not at all in conflict with the case of *Price, Auditor* v. *Smith,* 93 Va. 14. The question of the compensation of the sergeant of a city for receiving and supporting persons confined in jail for the violation of the ordinances of the city, or his rate of compensation, was not involved in that case, and was not there passed upon or considered.

The judgment of the Hustings Court must, therefore, be reversed, and the petition for the writ of *mandamus* dismissed.

HARRISON, J.:

I am of opinion that section 3532 of the Code prescribes and fixes the compensation of all jailers in the Commonwealth for receiving and supporting every person lawfully committed to the custody of such jailer, except in the case of a United States prisoner, a lunatic, and such others as to whom special provision is made by statute for some other measure of compensation. It

Opinion.

is not probable that the charter of a city in the Commonwealth prescribes the compensation a jailer shall receive for the support of those committed for violation of its laws; nor is it likely that the common council of any such city has ever passed an ordinance undertaking to prescribe such compensation; having properly regarded the State law as controlling in the matter. It is true, the State does not bear the expense of every one who may be lawfully committed to her jails; but she has the right to fix the compensation the jailer shall receive, no matter at whose instance the person may be committed. As stated in the opinion of the majority of the court, it would be incongruous if the compensation was not the same, for offenders against State laws, and city ordinances. The only way in which the compensation can be uniform is for it to be fixed by one power. This uniformity of compensation was intended to be secured by the present statutes touching the fees of jailers. This view of the law has been acted upon by the city of Richmond throughout its history, and doubtless by every municipality in the Commonwealth.

KEITH, P., and CARDWELL, J., concur in the opinion of RIELY, J.

BUCHANAN, J., concurs in results.

*Reversed.*