# Wytheville

I. .R. DOVEL, ETC. V. H. W. BERTRAM, JUDGE.

June 6, 1945.

Record No. 2985.

Present, All the Justices.

The opinion states· the case.

*L. S. Parsons,* for the petitioner.

*Abram P. Staples,* Attorney General, for the respondent.

CAMPBELL, C. J., delivered the opinion of the court.

I. R. Dovel, individually and as chairman of the Republican party of Virginia, has filed his petition in this court, praying that a peremptory writ of mandamus do forthwith issue, to be directed to the Honorable H. W. Bertram, judge of the Circuit Court of Page County, requiring him to appoint on the electoral board of Page county, Virginia, a member of the Republican party of Virginia, to succeed J. William Campbell whose term of office expired on February 28, 1945.

To this petition respondent filed an answer.

Section 88 of the Virginia Constitution confers upon the Supreme Court of Appeals original jurisdiction in cases of

mandamus, hence the jurisdiction of this court to hear and determine the question involved.

It is the contention of the petitioner that, due to the fact that in Page county the Republican party cast the highest number of votes in the last preceding election, and that the Democratic party cast the next highest number of votes, the court is required, under the provisions of section 31 of the Constitution of the Commonwealth of Virginia, to appoint two members of the electoral board from the Republican party and one from the Democratic party; and that the action of the court in this regard is purely ministerial.

It is the contention of respondent that section 31 of the Constitution vests in the court charged with the appointment of members of the electoral board for the county, discretionary power as to the representation to which each party is entitled, and, therefore, its action under the provision of section 31 is the performance of a judicial act in the exercise of a discretionary power, and for this reason mandamus will not lie.

Section 31 of the Constitution is as follows:

*"Electoral boards; appointment and composition; powers and duties of; who ineligible.*—There shall be in each county and city an electoral board, composed of three members, appointed by the circuit court of the county, or the corporation court of the city, or the judge of the court in vacation. In the appointment of the electoral boards representation as far as practicable shall be given to each of the two political parties which, at the general election next preceding their appointment, cast the highest and the next highest number of votes. The present members of such boards continue in office until the expiration of their respective terms; and thereafter their successors shall be appointed for the term of three years. Any vacancy occurring in any board shall be filled by the same authority for the unexpired term."

The question presented is: Does section 31 of the Constitution impose upon the court or judge making the appoint-

ment of members of the electoral board a ministerial or a judicial duty?

In *Flournoy* v. *Jeffersonville*, 17 Ind. 169, 79 Am. Dec. 468, a ministerial act is thus defined: "A ministerial act can perhaps be defined to be one which a person performs in a given state of facts and prescribed manner in obedience to the mandate of legal authority without regard to, or the exercise of, his own judgment upon the propriety of the act being done."

The converse of the above rule is that if the act to be performed is of a discretionary nature, then the act of the court or judge becomes a judicial act and not merely ministerial. *Page* v. *Clopton*, 30 Gratt. (71 Va.) 415; *Richmond* v. *Epps*, 98 Va. 233, 35 S. E. 723.

In *Page* v. *Clopton, supra*, Judge Burks, Sr., employed this language:

"The office of the writ of *mandamus* is to compel * * * inferior courts and officers to perform some particular duty incumbent upon them, and which is imperative in its nature, and to the performance of which the realtor has a clear legal right, without any other adequate specific legal remedy, to enforce it; * * * *

"The remedy is extraordinary, and if the right is doubtful, or the duty discretionary, or there be any other adequate specific legal remedy in use, this writ will not be allowed."

It is manifest that the writ will not issue if the effect of its issuance is to impinge upon the exercise of the judicial discretion of the court or judge.

When we look to section 31 to ascertain the number and order of appointments to which each political party is entitled, we find no guide by which to determine our course. The only directive contained therein is: "In the appointment of the electoral boards representation as far as practicable shall be given to each of the two political parties which, at the general election next preceding their appointment, cast the highest and next highest number of votes."

Unless it was the purpose of the framers of the Constitution to vest in the court or judge a discretion in making the appointments on the electoral board, it seems reasonable to infer that they would have said something similar to this: "A majority of the electoral board shall be from the political party casting the highest number of votes at the general election next preceding their appointment."

The specific direction contained in section 31 is that each of the political parties designated shall have representation as far as practicable. Representation, as we construe the term, means that each of the political parties so designated shall have at least one representative on the electoral board, but since the electoral board shall be "composed of three members," it follows that section 31 of the Constitution leaves it discretionary with the court or judge as to the number of members to be accorded each political party.

The action of the trial court is within the discretionary power granted, is judicial and not ministerial; therefore, mandamus does not lie to control the discretionary power vested in the circuit court.

The prayer of the petitioner for a writ of mandamus is denied.

*Writ refused.*