## CIRCUIT COURT OF MONTGOMERY COUNTY

Gary Reed Sheppard

v.

James Carter Clark and
Commonwealth of Virginia

January 23, 1986

By JUDGE KENNETH I. DEVORE

This matter is before the Court on a demurrer filed by the defendants, James Carter Clark and Commonwealth of Virginia. The plaintiff has taken a non-suit as to the defendant, Commonwealth of Virginia.

The function of a demurrer is to test whether a bill of complaint states a cause of action upon which relief can be granted and a demurrer admits as true all allegations of material facts, which are well pleaded. (*Bellamy* v. *Gates* and *Gill*, 214 Va. 314 (1973))

The motion for judgment in this matter alleges that Clark was operating his motor vehicle pursuant to and within the scope of his employment with the defendant, Commonwealth of Virginia. The demurrer, paragraph 1, alleges that the plaintiff did not comply with the requirements of the Virginia Tort Claims Act, Section 8.01-195.1, et seq., in that no written notice of the plaintiff's alleged accident was given to the Attorney General, as required by statute, and that the suit was not commenced within the time required by the statute.

The Virginia Tort Claims Act provides that every claim cognizable against the Commonwealth shall be forever barred unless the claimant or his agent, attorney or representative has filed a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred and the state's agency, or agencies, alleged to be liable.

This statute provides written notice to be given for a claim against the Commonwealth, but it is silent

as to written notice for an action against an individual state employee. I am of the opinion that if the Legislature had intended that this statute apply to all state employees it would have said so. I am, therefore, of the opinion that the demurrer should be overruled as to the defendant, Clark.

In reference to Clark's demurrer as to sovereign immunity, I have carefully read and studied the *Messina Case* and the cases cited therein and find that each defendant was a supervisory employee exercising discretion in his work, and I do not believe that sovereign immunity would extend to the defendant, Clark, in operating a truck owned by the Commonwealth of Virginia. This is based on the allegations in the motion for judgment and I would, therefore, overrule the demurrer on this ground.

In reference to the immunity from liability under Virginia Code Section 10-60, I would also overrule the demurrer.