## CIRCUIT COURT OF FAIRFAX COUNTY

Wilcox et al.

v.

The Hon. James W. Fourqurean

January 20, 1989

Case No. (Law) 87993

By JUDGE JOHANNA L. FITZPATRICK

This case is before the Court on a petition for a Writ of Mandamus directing the Honorable James W. Fourqurean of the Juvenile and Domestic Relations District Court to allow a private hearing at the request of a party in a child abuse case and to prevent his allowing the parents to tape record the proceedings in such a case.

This petition arises from a child abuse and neglect proceeding in which Judge Fourqurean denied a request for a private hearing and ruled that the parents could tape record the proceedings. Judge Fourqurean made a finding that confidentiality would not serve the best interest of the children. The petitioners then withdrew the Rule to Show Cause and filed the petition at issue here.

The Court declines to issue the Writ of Mandamus on the facts here presented. Mandamus is an extraordinary remedy used to compel a public official to perform a purely ministerial act imposed upon him by law. *Richmond-Greyhound Lines v. David*, 200 Va. 147, 152 (1958). When a public official is vested with discretion or judgment, his actions are not subject to mandamus. *Dove v. Bertram*, 184 Va. 19, 22 (1945). A trial court must determine whether the act sought to be enforced is ministerial or discretionary.

A ministerial act is defined as "one which a person performs in a given state of facts and prescribed manner in obedience to the mandate of legal authority without regard to, or the exercise of, his own judgment upon the propriety of the act being done." *Id.* The legal duty must be imperative in its nature, and mandamus will not be allowed in doubtful cases. *Richmond-Greyhound Lines* at 152.

Section 16.1-302, the statute at issue in this case, provides in pertinent part: "the general public shall be excluded from all juvenile court hearings and only such persons admitted *as the judge shall deem proper* . . . ." (emphasis added).

Clearly this statute grants discretion to a juvenile court judge in making a determination as to who may be admitted to the courtroom and under what circumstances. The legislature could have written the statute as a flat prohibition on public hearings, but instead chose to vest discretion in the individual judge to make a determination based on the circumstances of a particular case. The Court finds that the decision as to who may be properly present at a juvenile court hearing and whether to allow a party to tape such a proceeding is within the discretion of the trial judge.

This decision holds only that the facts here are insufficient to sustain the issuance of a Writ of Mandamus. This Court notes that the discretion given to a juvenile judge is not without limits. The judge must be guided in all such cases by the best interests of the child and by the public policy behind the act. The legislature has evinced a clear intent to prevent sensitive family and child related matters from becoming public issues until such time as the judge determines it to be appropriate and in the best interests of that child or family based on facts presented in each case. (*See* Sections 16.1-302, 16.1-305.) This Court cannot now substitute its judgment for that of the juvenile court judge.