# Susan M. Power

### v.

# The Honorable Benjamin N.A. Kendrick, Chairman, etc., et al.

Record No. 921909

January 7, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Keenan, JJ., and Poff, Senior Justice

*Scott A. Mills (William F. Causey; James H. Falk, Sr.; James H. Falk, Jr.; John M. Falk; Jackson & Campbell,* on brief), for appellant.

*W. Mark Dunn,* Assistant Attorney General *(Stephen D. Rosenthal,* Attorney General; *Gail Starling Marshall,* Deputy Attorney General; *William H. Hauser,* Senior Assistant Attorney General, on brief), for appellee the Honorable Benjamin N. A. Kendrick.

*(William D. Cremins; Walsh & Cremins,* on brief), for appellee Arlington Hospital Association.

*E. Duncan Getchell, Jr. (Joseph P. McMenamin; McGuire, Woods, Battle & Boothe,* on brief), for appellees Arthur A. Rubin, M.D., Mary J. Major, M.D., Nina Selvagyi, M.D., and General Internal Medicine Group, P.C.

JUSTICE WHITING delivered the opinion of the Court.

The dispositive issue here is whether the performance of the discretionary duties of a circuit court judge, acting as the chairman of a medical malpractice panel, can be enjoined. Since the bill of complaint was dismissed on demurrer, we will state as true the well-pleaded facts averred in the bill of complaint and in the exhibits attached thereto, and the fair inferences to be drawn therefrom. *Fun v. Virginia Military Inst.*, 245 Va. 249, 250, 427 S.E.2d 181, 181 (1993).

On February 24, 1990, Susan M. Power, a resident and citizen of England, was treated in the Arlington Hospital Emergency Room.

Power had a massive boil on the right mandible below her ear lobe. Although she could not walk, complained of severe pain in several parts of her body, and said she could not stop shaking or get warm, Power was discharged from the emergency room with two drug prescriptions. Later, when emergency room personnel were told that the symptoms continued, Power was advised to double the dosages of medicine. On February 25, when Power returned to the emergency room with "more severe symptoms and suffering from septic shock," she was admitted to the hospital's intensive care unit. Power remained in the hospital for four months and then was airlifted to a hospital in England.

Allegedly, as a result of the medical malpractice of Arlington Hospital and other health care providers[1] during her treatment, both of Power's legs were amputated below the knees, and she sustained permanent damage to her lungs, vision, and left arm, severe hair loss, "degenerative muscles," permanent scarring on her chest and neck, and abnormal urinary function, among other complications. Additionally, Power is "permanently damaged in mind and body [and] is chronically depressed with mood alterations."

On January 2, 1992, pursuant to Code § 8.01-581.2, Power gave notice of a claim for medical malpractice to Arlington Hospital and the other health care providers. At the request of Arlington Hospital, the Chief Justice appointed a medical review panel and designated a circuit court judge, the Honorable Benjamin N.A. Kendrick, as its chairman.

At the request of Arlington Hospital and some of the other health care providers, and by agreement of counsel, discovery depositions were scheduled in London, where Power was then living. When counsel appeared at the scheduled time and place, Power, then "suffering a severe mental episode or mental event," refused to answer their questions. The health care providers later made a motion before Judge Kendrick seeking sanctions.

After hearing argument on the motion, Judge Kendrick indicated that he would impose sanctions. A proposed order reflecting his ruling was circulated among counsel for signature. The order provided that Power's notice of claim "is hereby stricken as to the defendants The Arlington Hospital [and other listed health care providers] and dismissed with prejudice as to the claimant reasserting same." The order also provided for the discharge of the panel.

---

[1] The other health care providers were four physicians' associations, ten physicians, and three other persons.

Before the proposed order was entered, Power filed in the Circuit Court of Arlington County (1) a petition for a writ of mandamus to compel Judge Kendrick, as chairman of the panel, "to strike the contemplated Order," and (2) a bill of complaint against Judge Kendrick, seeking an injunction to prevent him "from entering the contemplated dismissal Order." In both pleadings, Power sought relief "reinstating the Medical Malpractice Review Panel, and demanding and compelling the Chairman and the Panel to discharge their statutory duties."

The Honorable Alfred D. Swersky, a judge of the Circuit Court of the City of Alexandria, heard argument on Judge Kendrick's demurrers to both of Power's pleadings.[2] In two final orders, Judge Swersky sustained the demurrers on the following grounds: (1) the sanctions awarded were authorized by the medical malpractice statute and Rules of Court, (2) Power had an adequate remedy at law, precluding injunctive relief, and (3) neither mandamus nor injunctive relief was available to compel discretionary judicial acts.[3] Pursuant to Rule 5:17(d), Power filed one petition for appeal of both cases, which we granted.

■ In oral argument, Power conceded that she had not assigned error to the court's dismissal of her petition for mandamus. Therefore, we will dismiss the appeal of that issue as improvidently awarded. Rule 5:17(c).

■ Turning our attention to the court's dismissal of Power's bill of complaint for an injunction, we note that neither party cites any authority for the trial court's review of Judge Kendrick's ruling in the panel proceedings, and we find none. Since the panel proceedings were a mere antecedent to a potential medical malpractice action, we conclude that the trial court erred in adjudicating the validity of Judge Kendrick's imposition of sanctions in this collateral proceeding.[4]

---

[2] At the request of the Circuit Court of Arlington County, Judge Swersky agreed to hear these cases, and was so designated by that court.

[3] On brief, Power contends that Judge Swersky's designation had not been by order and that no copy of any such order had been sent to the Chief Justice, all as required by Code § 17-7(1). Further, Power complains that "the final order and decree were entered in violation of Virginia Code § 17-14." We assume Power is complaining that those orders were entered in Alexandria, which is in a different circuit from Arlington, where the cases were pending.

We will not notice any of these contentions since they were neither raised in the trial court, Rule 5:25, nor made the subject of assignments of error. Rule 5:17(c).

[4] Although inapplicable here, in 1993, Code § 8.01-581.2 was amended to provide that a panel proceeding can no longer be made a required antecedent to a malpractice action, but such a proceeding can be requested "within thirty days from the filing of the responsive pleading."

■ However, we agree with the court's ruling that Power is not entitled to injunctive relief in equity because she has an adequate remedy at law. That remedy is the right to litigate the validity and scope of Judge Kendrick's order in any later malpractice action if it should be asserted as a bar to that action.

■ Further, even if no adequate remedy at law were available to Power, the trial court could not have enjoined Judge Kendrick's judicial act in dismissing the malpractice panel proceedings. Code § 8.01-581.3 and Rule Three (b) of the Medical Malpractice Rules of Practice provide that "one sitting or one retired circuit court judge" shall serve as chairman of the panel. And, although we have indicated that Judge Kendrick's decision to impose sanctions is subject to later judicial consideration, it is nonetheless a judicial act that cannot be enjoined. *Bellamy v. Gates,* 214 Va. 314, 316, 200 S.E.2d 533, 535 (1973).

Accordingly, we will (1) dismiss Power's appeal of the mandamus action as improvidently awarded, (2) reverse that part of the judgment that reviewed Judge Kendrick's action, and (3) affirm those parts of the judgment that sustained the demurrers on the remaining grounds, all without prejudice to Power's right of action for medical malpractice.

*Dismissed in part,*
*reversed in part,*
*and affirmed in part.*