JUSTICE KINSER,
with whom JUSTICE KOONTZ joins, dissenting.
The issue in this appeal is whether the phrase “Director of Butt Licking” conveys any defamatory factual information about Yeagle. While the trial court must determine as a matter of law whether this phrase is defamatory per se, Chaves v. Johnson, 230 Va. 112, 119, 335 S.E.2d 97, 102 (1985), in ruling on a demurrer, the trial court is “confined to the legal sufficiency of a pleading, and [must not consider] disputed facts.” Hop-In Food Stores, Inc. v. Serv-N-Save, Inc., 237 Va. 206, 209, 375 S.E.2d 753, 755 (1989) (citing Bellamy v. Gates and Gill, 214 Va. 314, 315-16, 200 S.E.2d 533, 534 (1973)). “A demurrer admits the truth of all properly pleaded material facts. ‘All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading.’ ” Ward’s Equipment v. New Holland North America, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997) (quoting Fox v. Custis, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988)).
Collegiate Times acknowledges that the phrase “Director of Butt Licking” implies that a person either curries favors with others by disingenuous behavior such as fawning or directs others to do so. In fact, the trial court recognized that this title conveys the inference that Yeagle “cultivates favors from others or directs those who do.” “In order to render words defamatory and actionable it is not necessary that the defamatory charge be in direct terms but it may be made indirectly, and it matters not how artful or disguised the modes in which the meaning is concealed if it is in fact defamatory.” Car- *299 wile v. Richmond Newspapers, 196 Va. 1, 7, 82 S.E.2d 588, 592 (1954).
The phrase is a factual assertion regarding Yeagle’s job performance and imputes to her an unfitness to perform the duties of her job or lack of integrity in the performance of such duties. Fleming v. Moore, 221 Va. 884, 889, 275 S.E.2d 632, 635 (1981). The phrase also prejudices Yeagle in her profession. Id. At common law, defamatory words are actionable per se if they satisfy either of these criteria. Id.
For these reasons, I dissent and would reverse the judgment of the trial court and remand this case for further proceedings.