Karen F. **GREENE**,
Petitioner-Respondent,

v.

Richard R. **KUNKEL**,
Respondent-Appellant.

No. 51567.

Missouri Court of Appeals,
Eastern District,
Division Seven.

April 7, 1987.

Motion for Rehearing and/or Transfer Denied May 12, 1987.

Leo V. Garvin, St. Louis, for respondent-appellant.

David J. Barton, Arnold, for petitioner-respondent.

JAMES D. CLEMENS, Special Commissioner.

The only issue here: Is the divorced wife's original decree for monthly support to continue beyond her remarriage? The motion court denied the husband's motion to quash the support decree. He appeals.

Pursuant to paragraph six of the parties' pre-trial agreement the decree had ordered husband to pay his wife "$400 per month as and for maintenance for 18 months". He did so for seven months; then she remarried and sought execution for further installments. Husband then moved to modify the decree by declaring an end to his duty to pay wife. The court denied husband's motion making its order final for purpose of appeal. The husband's appeal is now before us. We reverse.

Neither the parties' pre-trial settlement nor the court's original decree provided for the husband to pay his wife support beyond the end of their marriage. We look to the pertinent statutes:

452.075 Remarriage of wife.

"When a divorce has been granted, and the Court has made an order or decree providing for the payment of alimony and maintenance of the wife, the remarriage of the former wife shall relieve the former husband from further payment of alimony to the former wife from the date of the remarriage ..."

and

452.370 Modification of decree as to maintenance of support when

"Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon ... the remarriage of the party receiving maintenance".

Despite this the respondent-wife contends the court properly denied her husband's challenge to her garnishment. She argues this is because their settlement failed to say the original maintenance order was to terminate upon her remarriage.

To this the husband relies on the quoted statutes that declare his obligation to make support payments ended when she remarried. And, the husband points to the decree based on their pre-trial agreement. Specifically the decree made several of his obligations contractual, namely paragraphs eight, nine, eleven and twelve. In contrast, the now challenged maintenance paragraph six was silent as to it being contractual. We deny the wife's contention.

Both parties cite *LaBarge v. Berndsen*, 681 S.W.2d 441 (Mo. banc 1984). It is the leading case on the distinction between marital maintenance that is "statutory or is decretal." There the trial court had quashed the wife's garnishment on the ground § 452.370.2 required an express provision to create a maintenance obligation beyond the wife's remarriage. The wife appealed.

The Supreme Court opinion considered both the statutory and the decretal aspects of the case. Pertinent to the issue now before us the Supreme Court declared:

"Under § 452.370.2, the question of whether the former husband's obligation to pay maintenance terminated upon his

former wife's remarriage depends upon whether the parties 'otherwise agreed' in their separation agreement."

As said, there was no evidence whatever here that the husband had ever agreed to pay support after the wife remarried. This compels us to reverse the trial court.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.