455 S.E.2d 278

Noel A.M. GAYLER

v.

Caroline Groves GAYLER, n/k/a Caroline Gayler Masterton.

Record No. 0569-94-4.

Court of Appeals of Virginia,
Alexandria.

March 28, 1995.

Dorothy M. Isaacs, Alexandria (Beverly L. Kiefer, Law Offices of Dorothy M. Isaacs, on briefs), for appellant.

· David D. Masterman, Arlington (Cohen, Gettings, Dunham & Harrison, P.C., on brief), for appellee.

Present: BARROW, KOONTZ and FITZPATRICK, JJ.

KOONTZ, Judge.

Noel A.M. Gayler (husband) appeals a decision of the Circuit Court of the City of Alexandria which found that support payments to Caroline Groves Gayler Masterton (wife) owed under a settlement agreement and addendum incorporated into a final decree of divorce survived his former wife's remarriage. Relying on our application of Code §§ 20–109 and 20–109.1[1] in *Miller v. Hawkins*, 14 Va.App. 192, 415 S.E.2d 861 (1992), and its progeny, husband asserts that the absence of express language in the agreement stating that spousal support would survive wife's remarriage requires a

---

1. Code §§ 20–109 and 20–109.1, dealing with modification of spousal support ordered in divorce decrees and incorporation of spousal support agreements in divorce decrees, respectively, both provide that "[u]pon the death or remarriage of the spouse receiving support, spousal support shall terminate unless otherwise provided by stipulation or contract."

finding that support would terminate by operation of the applicable statutes. Holding that, on the specific facts of this case, the express intent of the parties to avoid the operation of Code §§ 20–109 and 20–109.1 appears within the four corners of the agreement and its addendum, we affirm the decision of the trial court.

The parties separated in 1984 and entered into a separation agreement at that time. Prior to the entry of a final decree of divorce on September 26, 1986, the couple executed an addendum to the agreement modifying various terms of the original agreement. The trial court incorporated both the agreement and its addendum into the final decree of divorce, setting out certain provisions within the decree and incorporating the remaining terms by reference.

The original agreement provided that "the payments [of spousal support] ... shall terminate upon the Wife's remarriage or death." The addendum provided that "the payments ... shall terminate *only* upon the Wife's death." (emphasis added). Both the original agreement and the addendum also provided for termination of spousal support upon husband's death.

In *Miller*, we held that to avoid the operation of the statutes terminating spousal support upon the remarriage of the obligee spouse, a separation agreement "must contain clear and express language evincing the parties' intent that spousal support will continue after remarriage; otherwise, remarriage terminates the obligation." 14 Va.App. at 196–97, 415 S.E.2d at 864. In subsequent cases interpreting *Miller*, we have held that settlement agreements which provide for payment of spousal support for a fixed term do not evince the parties' intent that such payment would survive the remarriage of the obligee spouse occurring within that term. *MacNelly v. Mac-Nelly*, 17 Va.App. 427, 430, 437 S.E.2d 582, 584 (1993); *Radford v. Radford*, 16 Va.App. 812, 813–14, 433 S.E.2d 35, 36 (1993).

The facts of *MacNelly* most nearly approach the circumstances of the present case. In *MacNelly*, we held that a

support agreement's provision that periodic support would continue for seven years or until the death of either party did not show the parties' intent to avoid the operation of the statutes by their failure to "reference . . . the effect of remarriage." 17 Va.App. at 429–30, 437 S.E.2d at 583–84. Here, unlike *MacNelly*, the original agreement specifically provided that spousal support would terminate upon wife's remarriage. Although that reference did no more than replicate the operation of Code §§ 20–109 and 20–109.1, the agreement, at the time it was drawn, was a private contract between the parties and not yet subject to the statutes' operation. Accordingly, the reference to the effect of remarriage was one of contemplation and mutual agreement, rather than mere surplusage.

In the addendum, the excision of the reference to remarriage and the addition of the word "only" evince the mutual agreement of the parties to alter the original intent of the agreement to terminate spousal support upon wife's remarriage. Husband has not alleged that the change made in the addendum was procured by fraud or was the result of a mutual mistake of fact. Accordingly, because a separation agreement is a contract and must be construed as such, *Harris v. Woodrum*, 3 Va.App. 428, 432, 350 S.E.2d 667, 669 (1986), the intent of the parties as expressed in the contract controls. *Bender–Miller Co. v. Thomwood Farms, Inc.*, 211 Va. 585, 588, 179 S.E.2d 636, 639 (1971). Where the agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement. *Harris*, 3 Va.App. at 432, 350 S.E.2d at 669.

We hold that the addendum's excision of the reference to remarriage and the addition of the word "only" evince the parties' intent that spousal support would survive wife's remarriage.[2] On the record, it appears that the addendum was executed in contemplation of the parties' forthcoming final

---

2. The use of the term "only" by the parties is alone not determinative of the issue. Absent the reference to the effect of remarriage in the original agreement, the language of the addendum standing alone would not be sufficient to evince an intent of the parties to avoid the operation of Code §§ 20–109 and 20–109.1.

divorce decree. Although the addendum contained other changes to the original agreement, we cannot accept husband's assertion that the alteration of the support provisions was not a critical change in the original agreement, contemplated and agreed to by the parties.

We find that husband had reasonable grounds for appeal. Therefore, wife's request for an award of costs of this appeal, including attorney's fees, is denied. We leave undisturbed the award of costs in the trial court, as husband did not challenge that award on appeal. For the reasons stated, we affirm the decision of the trial court.

*Affirmed.*