COURT OF APPEALS OF VIRGINIA


Present: Judges Barrow,[*] Koontz and Senior Judge Duff
Argued at Alexandria, Virginia


PETER J. ZDANIS

v.          Record Nos. 1078-94-4 and      MEMORANDUM OPINION[**] BY
                        1689-94-4            JUDGE BERNARD G. BARROW
SUSAN (ZDANIS) DEELY                              MAY 9, 1995


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         J. Howe Brown, Judge

          Daniel B. Clark for appellant.

          Alan W. Brick (Kaufmann & Brick, on brief), for
     appellee.



     In this domestic relations appeal, we hold that the trial

court erred in sustaining the wife's demurrer to the husband's

amended bill of complaint.

     A demurrer raises a question of "the legal sufficiency of a

pleading, and does not involve a consideration of disputed

facts." Hop-In Food Stores, Inc. v. Serv-N-Save, Inc., 237 Va.

206, 209, 375 S.E.2d 753, 755 (1989). We "admit[] the truth of

all material facts properly pleaded," including "those expressly

alleged, those which fairly can be viewed as impliedly alleged,

and those which may be fairly and justly inferred from the facts

alleged." Rosillo v. Winters, 235 Va. 268, 270, 367 S.E.2d 717,

     [*]Judge Bernard G. Barrow participated in the hearing and
decision of this case and prepared the opinion prior to his
death, and the panel members joined in the opinion.

     [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

717 (1988).

A court may "entertain at any time an independent action . . . to set aside a judgment or decree for fraud upon the court."  Code § 8.01-428(D)[1].  A judgment obtained by "extrinsic," as opposed to "intrinsic," fraud is subject to collateral attack.  Peet v. Peet, 16 Va. App. 323, 326-27, 429 S.E.2d 487, 490 (1993).  Extrinsic fraud is "conduct which prevents a fair submission of the controversy to the court."  Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983); see O'Neill v. Cole, 194 Va. 50, 56-57, 72 S.E.2d 382, 386 (1952) (finding claim of extrinsic fraud where father's false statements to his minor daughter about her rights under her uncle's will induced her to deed over property to him and "precluded her from presenting her true case and rights to the court for adjudication"; claim otherwise barred by laches).

In this case, the core of the husband's claim is that his wife told him that the attorney she hired would represent both of their interests.[2]  Further, he alleges that because of the

_____

[1]Formerly, subsection C; amended 1993.

[2]The husband's complaint also alleges that when he inquired about the provision continuing spousal support after remarriage, the wife replied "that the attorney had said that it was required to be in a separation agreement."  This allegation cannot be the basis for a claim of fraud because it is not, strictly, false.  Post-marriage spousal support is not required in a separation agreement; however, if the parties wish support to continue after remarriage, they are required expressly to provide for it in their separation agreement.  Miller v. Hawkins, 14 Va. App. 192, 197, 415 S.E.2d 861, 864 (1992).  Thus, the wife's statement, while open to several interpretations, was not a misrepresentation.

- 2 -

special relationship of trust between him and his wife, he relied on this statement and did not obtain his own legal counsel.[3]  We disagree with the trial court's finding that the husband does not present a claim of extrinsic fraud.  The husband's allegation that the wife's misrepresentation "precluded [him] from presenting his true case and rights to the court," states a prima facie claim of extrinsic fraud.  O'Neill, 194 Va. at 57, 72 S.E.2d at 386.

Ultimately, whether the requirements of Code § 8.01-428(D)[4] can be proved at trial is a matter for the fact finder; however, the pleading is sufficient to withstand a demurrer.  Therefore, we reverse the trial court's order and remand the matter for further proceedings.

Reversed and remanded.

---

[3]Whether such a "special relationship" of trust exists between a divorcing husband and wife is a matter of fact for the trial court to determine.  Compare Webb v. Webb, 16 Va. App. 486, 492-93, 431 S.E.2d 55, 59-60 (1993) with Drewry v. Drewry, 8 Va. App. 460, 470, 383 S.E.2d 12, 17 (1989).

[4]The elements of this independent action in equity are: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

Charles v. Precision Tune, Inc., 243 Va. 313, 317-18, 414 S.E.2d 831, 833 (1992).