COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


KENNETH C. UMSTEAD

MEMORANDUM OPINION[*]

v.    Record No. 2763-95-1                    PER CURIAM
                                             JUNE 25, 1996

VIRGINIA K. UMSTEAD, N/K/A
 VIRGINIA K. JERNIGAN

            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                      E. Preston Grissom, Judge

            (Gregory S. Duncan, on briefs), for
            appellant.

            (Donald G. Wise; Melvin J. Radin; Wise &
            Wise, on brief), for appellee.


       Kenneth C. Umstead (husband) appeals the decision of the

circuit court denying his request to terminate the spousal

support paid to Virginia K. Umstead (wife).  Husband argues that

the court lacked subject matter jurisdiction when it modified his

spousal support obligation in 1991.  Husband also argues that the

court exceeded its statutory authority and that Code § 20-109

prohibited any modification of the spousal support provision of

the final divorce decree.  Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

       Prior to the entry of the final divorce decree, the parties

entered into an agreement under which husband agreed to pay wife

_____
       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

$700 per month in spousal support.  The agreement provided that "[n]o modification or waiver of any of the terms of this Agreement shall be valid unless in writing and executed with the same formality as this Agreement."  The trial court entered the parties' final decree of divorce on April 27, 1989.  The decree ratified, confirmed and incorporated the agreement.

By motion filed October 7, 1991, husband sought to reopen the matter.  A consent decree was entered on October 7, 1991.

The consent decree stated the following:

> CAME the parties and represented to the Court that they have reached agreement on an amendment of the [husband's] obligation for spousal support as provided for in the parties' Stipulation and Property Settlement Agreement . . . incorporated in this Court's Final Divorce Decree dated April 27, 1989.
>
> WHEREFORE, for reasons satisfactory to the Court, it is hereby ADJUDGED and DECREED that the [husband] pay to the [wife] monthly alimony equal to one-half the gross amount of his military retired/retainer check, and that his obligation will be subject to all costs of living or other adjustments during this obligation of support.  Payments will continue until the death of the first of the parties to die and will not terminate upon the remarriage of the [wife].

Spousal support was awarded in the final decree.  Cf. Dixon v. Pugh, 244 Va. 539, 542-43, 423 S.E.2d 169, 171 (1992) (nunc pro tunc order cannot be used to create jurisdictional fiction).  The parties' agreement, incorporated into the final decree, expressly authorized modification of its terms.  Husband has not alleged that the consent order failed to satisfy the agreement's

2

requirements for modification.

Furthermore, Code § 20-109 authorizes modification of spousal support "[u]pon petition of either party . . . as the circumstances may make proper." Husband petitioned for modification of support, based upon the parties' new agreement. The modification requested in 1991 therefore satisfied both the provisions of Code § 20-109 and the provisions of the final decree.

To the extent that husband now seeks to appeal the 1991 consent decree on the ground that the circumstances did not justify modification, his arguments are untimely. Rule 1:1. Similarly, his assertion that the modification did not "increase, decrease or terminate" spousal support is contradicted by the record. Any allegation that the modification was itself erroneous is also untimely.

Finally, while the legislative presumption is that spousal support will terminate upon remarriage, parties may enter into an agreement to pay support beyond remarriage, and that agreement will be enforced as long as the parties' intention is clearly set out in the agreement. "[T]o avoid the operation of the statutes terminating spousal support upon the remarriage of the obligee spouse, a separation agreement 'must contain clear and express language evincing the parties' intent that spousal support will continue after remarriage; otherwise, remarriage terminates the obligation.'" Gayler v. Gayler, 20 Va. App. 83, 85, 455 S.E.2d

3

278, 279 (1995) (quoting <u>Miller v. Miller</u>, 14 Va. App. 192, 196-97, 415 S.E.2d 861, 864 (1992)).  The consent decree expressly provided that spousal support would continue after wife's remarriage.  Therefore, wife's remarriage did not terminate husband's obligation.

Accordingly, the decision of the circuit court is summarily affirmed.  However, wife's motion for relief pursuant to Code § 8.01-271.1 is denied.

<u>Affirmed.</u>