COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DAVID WARE RILEY

                                          MEMORANDUM OPINION[*]
v.    Record No. 0637-96-3                   PER CURIAM
                                          OCTOBER 8, 1996
CONNIE PUGH RILEY


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      Richard S. Miller, Judge

            (A. David Hawkins; Overbey, Hawkins & Selz,
            on briefs), for appellant.

            (Richard P. Cunningham, on brief), for
            appellee.



     David Ware Riley (husband) appeals the decision of the

circuit court setting the amount of monthly spousal support

payable to Connie Pugh Riley (wife).  Husband raises four issues

on appeal:

          (1)  whether testimony by a witness without
               personal knowledge regarding estimates
               made by professional contractors
               constitutes hearsay which is material
               and prejudicial;

          (2)  whether the trial court should consider
               the intent of the parties in making the
               original separation agreement when
               adjusting the level of support following
               the parties' children reaching majority;

          (3)  whether wife's present lifestyle,
               fourteen years after the divorce, is the
               proper standard to apply in order to
               determine the level of support to which
               she is entitled; and

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(4) whether spousal support of $1,000 constitutes an improper increase in spousal support where the prior unitary award of spousal and child support was $1,400 and wife introduced no evidence of materially changed circumstances.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

## Hearsay Evidence

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994) (citation omitted). Assuming, without deciding, that the disputed evidence constituted hearsay, husband has failed to establish that the challenged hearsay evidence was material and prejudicial so as to amount to reversible error. See CSX Transp., Inc. v. Casale, 247 Va. 180, 183, 441 S.E.2d 212, 214 (1994). Wife testified without exception that her home needed a new roof, painting, and driveway repairs. While husband challenged the admissibility of wife's testimony regarding the contractors' estimates for these repairs, wife included a monthly expense of $295 in estimated home repairs in her Exhibit 1, to which husband did not object.

The court did not award wife the full amount of her projected monthly shortfall of $1,816.34, and husband has not demonstrated that the court relied upon the challenged testimony

2

in making its award.  Therefore, husband has failed to demonstrate that the admission of hearsay testimony by wife was material to the court's decision to award $1,000 in monthly spousal support.

Intent under the Separation Agreement

"Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally."  Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).  "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court."  Id.  Husband contends the trial court erred by refusing to consider the parties' intent at the time the original separation agreement was signed.  However, when an agreement is clear on its face, parol evidence as to the parties' intent is not necessary.  "[B]ecause a separation agreement is a contract and must be construed as such . . . the intent of the parties as expressed in the contract controls. Where the agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement."  Gayler v. Gayler, 20 Va. App. 83, 86, 455 S.E.2d 278, 280 (1995) (citations omitted).

> The agreement provided, in pertinent part, as follows:
> 2.   Unitary Support; Insurance; Medical;
>      College Education

> Beginning on the 1st day of March, 1982, Husband agrees to pay the sum of $1,700.00 a month for the support and maintenance of Wife and the children born of the marriage. This sum shall be included in the income of the Wife and deductible from the gross income of the Husband. This provision shall be subject to modification or change by a court of competent jurisdiction upon a showing of change in circumstances subsequent to the date of this agreement.

The plain language of the agreement therefore demonstrated that the parties contemplated modifications in the unitary support amount "upon a showing of change in circumstances." No language in the agreement suggests any characterization or purpose behind the unitary support payment. Therefore, the trial court did not err in refusing to allow husband to introduce parol evidence as to the parties' alleged intent.

### Wife's Current Needs

Code § 20-109 provides that "upon petition of either party the court may increase, decrease or terminate spousal support and maintenance that may thereafter accrue . . . as the circumstances may make proper." "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

Husband alleged, and the trial court agreed, that a material change in circumstances had occurred warranting a reduction in his monthly unitary support payment of $1,400. The parties'

4

younger child had reached his majority, relieving husband of the responsibility to pay child support. Husband continued to pay costs associated with his children's education, as set out in the parties' separation agreement.

The court found that wife's current needs required $1,000 in monthly spousal support "to allow [wife] to maintain the life style to which she is and has become accustomed." The focus on wife's current needs complied with the statutory scheme which "recognizes that comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that spousal support awards must be determined in light of contemporary circumstances and then, if necessary, redetermined in light of new circumstances." Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979). The trial court found that husband had the ability to pay $1,000 a month in spousal support. Husband admitted his income had risen substantially since the time of the divorce. We find no evidence that the court was seeking to impose a higher standard of living than that established during the marriage and find no error in the trial court's consideration of the statutory factors.

### Improper Increase in Spousal Support

As noted above, the trial court considered wife's current needs and husband's current ability to pay prior to setting the amount of spousal support. Under Code § 20-109, the court may increase, decrease or terminate spousal support as the

circumstances warrant.  The trial court considered the evidence and the statutory factors before reaching its decision.  We find no error or abuse of discretion in the trial court's award.

Accordingly, the decision of the circuit court is summarily affirmed.                                                    Affirmed.