## CIRCUIT COURT OF STAFFORD COUNTY

John R. Charles, Jr.

v.

Katherine E. Pippert

March 12, 1997

Case No. (Chancery) 96000212

BY JUDGE JAMES W. HALEY, JR.

Where a court has affirmed, ratified, or incorporated by reference in a final divorce decree a property settlement agreement (PSA) which includes spousal support, Va. Code § 20-109.1 provides that: "Upon the remarriage of the spouse receiving support, spousal support shall terminate unless otherwise provided by stipulation or contract." The issue in the instant case is whether parol evidence is admissible concerning the terms of the PSA agreement to show whether the parties intended to bar the operation of the quoted statute.

Initially it should be noted that "the agreement must contain clear and express language evincing the parties intent that spousal support will continue after remarriage; otherwise, remarriage terminates the obligation." *Miller v. Hawkins,* 14 Va. App. 192, 196-197, 415 S.E.2d 861, 864 (1992).

The parties entered into the PSA on March 21, 1995. A final divorce decree entered May 12, 1995, adopted the PSA.[1] The wife remarried in February 1996.

It is necessary that the relevant text of the PSA be set forth substantially in full. That portion reads as follows:

6. *Spousal Support*
Husband shall pay to the Wife ... .

---

[1] A modified final divorce decree was entered September 18, 1995, but the modification has no bearing upon the issue raised in this litigation.

b. Beginning the first day of the month following the sale of the ... residence, $1400 per month for sixty (60) months ... on the first day of each month.

c. $1000 per month thereafter ... until the death of either party or the remarriage of the wife, except as set out in subparagraph "e." herein.[2]

d. It is the understanding and agreement of the parties that the additional spousal support payment pursuant to ... "b" is being provided to fund college or other educational opportunity and advancement for the wife as contemplated under subparagraph "e."

e. Upon incorporation of this Agreement into the Final Decree of Divorce, the parties agree the Court [shall have] continuing jurisdiction to modify the amounts in the event of material change in circumstances by either party; provided, however, that it is the contemplation of the parties that the wife will upon the termination of the sixty month period of educational spousal support be more fully employed, and that the amount of spousal support provided hereunder will not be diminished based upon her seeking and obtaining employment.

Property settlement agreements are subject to the same rules, validity and interpretation as are other contracts. *Eaton v. Eaton,* 215 Va. 824, 826, 213 S.E.2d 789, 795 (1975); *Harris v. Woodrum,* 3 Va. App. 428, 432, 350 S.E.2d 667, 669 (1986). See also, *Parra v. Parra,* 1 Va. App. 118, 336 S.E.2d 157 (1985).

The parol evidence rule states that:

parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to alter, vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional, written instrument.

*Walker & Laberge Co. v. First National Bank of Boston,* 206 Va. 683, 689, 146 S.E.2d 239, 243 (1966).

As noted above, one of the conditions precedent to the application of the parol evidence rule is that the document be unambiguous on its face. A document is ambiguous if it is:

---

[2] Subparagraph "a" set spousal support at $900 per month until the residence was sold. It was sold prior to the commencement of this litigation.

susceptible of more than one interpretation ... or the extent and object of the contract cannot be ascertained from the language employed.

*Young v. Schriner,* 190 Va. 374, 379, 57 S.E.2d 33, 35 (1950). See also, *Amos v. Coffey,* 228 Va. 88, 92, 320 S.E.2d 335, 337 (1984), quoting *Renner Plumbing v. Renner,* 225 Va. 508, 515, 303 S.E.2d 894, 898 (1983).

In *Gayler v. Gayler,* 20 Va. App. 83, 85, 455 S.E.2d 278, 279 (1995), the court found that "the express intent of the parties to avoid the operation of Va. Code §§ 20-109 and 20-109.1 appears within the four corners of the agreement . . ." and accordingly parol evidence would be inadmissible. It is the responsibility of the court to determine whether an agreement in writing is ambiguous. Thus, in *Southerland v. Southerland,* 249 Va. 584, 457 S.E.2d 375 (1995), dealing with a property settlement agreement, the Supreme Court stated that:

The parties do not contend, and *neither do we find,* that the language of the Agreement is ambiguous. Therefore we adhere to the plain meaning of its stated terms [emphasis supplied]. 249 Va. at 588, 457 S.E.2d at 378.

This court has reviewed at length the provisions of the PSA quoted above. In particular, the provisions of subsection b. and subsection c., when read together, are "susceptible of more than one interpretation." One could conclude, as plaintiff maintains, that the remarriage of the wife *ipso facto* terminated spousal support. One could conclude, as apparently respondent maintains, that that termination only occurs subsequent to the sixty month period if the wife is then remarried.

The court finds the PSA is ambiguous on its face and accordingly parol evidence is admissible.

Counsel for wife will prepare an interlocutory decree setting forth the court's ruling, which decree shall incorporate this written opinion by reference, and a decree of reference to a commissioner in chancery.