COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

ANN BEGAN FURMAN

                                        MEMORANDUM OPINION[*]
     v.     Record No. 3208-96-4            PER CURIAM
                                         AUGUST 26, 1997
HAROLD WARREN FURMAN, II

            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      Alfred D. Swersky, Judge

            (Gregory L. Murphy; Murphy, Morris &
            Mitchell, on briefs), for appellant.

            (Herbert R. Rubenstein; Coroneos &
            Rubenstein, on brief), for appellee.


     Ann Began Furman (wife) appeals the decision of the circuit

court awarding her part of the attorney's fees she incurred in a

previous appeal and remand.  Wife contends that, under the terms

of the settlement agreement entered into with Harold Warren

Furman, II (husband), husband was obligated to pay all of her

attorney's fees and costs.  Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

     The record before us contains neither a transcript of the

hearing nor a written statement of facts.  See Rule 5A:8.  Wife

argues that the question presented is purely a matter of law

involving the interpretation of the parties' agreement and may be

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

decided based upon the record without a transcript or statement of facts.  We review the question on appeal in that light.

"Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally."  Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).  When the sole issue is the meaning and effect of the terms of the contract, that issue "is a question of law which can readily be ascertained by this court."  Id.  "Because a separation agreement is a contract and must be construed as such . . . the intent of the parties as expressed in the contract controls.  Where the agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement."  Gayler v. Gayler, 20 Va. App. 83, 86, 455 S.E.2d 278, 280 (1995) (citations omitted).

Wife relies on paragraph 25 of the parties' separation agreement, which provides:

> 25.   ENFORCEMENT OF PROVISIONS OF AGREEMENT:
> The parties agree that if one party incurs expense in the enforcement of any of the provisions of this Agreement, the other party shall be responsible for and shall pay immediately upon demand any and all expenses thereby incurred.  "Expenses" shall include, but shall not be limited to, reasonable attorney's fees, Court costs, and expenses of travel to a Court of competent jurisdiction.  Notwithstanding the foregoing, it is understood that if the party initiating these proceedings is not upheld in Court, then he or she will be liable for his or her own expenses, as well as those of the other party.

2

Wife contends that this provision entitles her to recover all her expenses, approximately $40,000 in attorney's fees and costs, incurred in this litigation. We disagree.

The trial court awarded wife $20,000 as a "partial award" of attorney's fees and costs, "based upon the appeal of the [trial] Court's prior rulings and the rehearing of the issue decided in [wife's] favor." Evidence in the record indicates wife incurred approximately $25,000 in expenses in connection with the appeal and rehearing. The trial court denied wife's claim for additional fees, finding that husband "substantially prevailed" on the additional issue of the amount of child support to be paid after the appeal.

The parties' agreement is unambiguous in its provision that attorney's fees are recoverable if a party's position is upheld by a court in an action to enforce the agreement. Thus, we agree with the trial court's interpretation that, under the parties' agreement, attorney's fees may be awarded only to the prevailing party. Because the trial court found that wife did not prevail on the post-appeal support issues, we find no error in its denial of additional costs to wife.

In the wife's first appeal to this Court, see Furman v. Furman, Record No. 0001-94-4 (Va. Ct. App. Jan. 10, 1995), we found no abuse of discretion in the prior award of $2,500 to wife in attorney's fees. Therefore, that finding was binding on the

3

parties on remand.  Wife is not entitled to recover additional attorney's fees for the proceedings that occurred prior to the first appeal.

Further, either party was entitled to seek modification of child support under the provisions of the agreement.  Paragraph 19 of the agreement provided:

> It is agreed that, subsequent to the signing of this Agreement, the Husband or Wife may petition any Court of competent jurisdiction for an increase or decrease of support and maintenance of the minor child, as provided for herein, upon a showing of substantial changes in the financial circumstances of the Husband or the Wife. The child support set forth in paragraph 18 above is premised on the representation that the Husband's annual income is $120,000 and the Wife's annual income is $80,500.

This proceeding commenced when husband exercised his right to petition for a decrease in child support.  The wife's defense of that action was not an "enforcement" of the agreement.  Indeed, the court did not find that husband had breached the agreement.

Therefore, we find no merit in wife's contention that paragraph 25 of the agreement required husband to pay all of her attorney's fees and costs.  Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>