COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Annunziata and
         Bumgardner
Argued at Alexandria, Virginia


AMY JO CLARK ETTER
                              MEMORANDUM OPINION[*] BY
v.    Record No. 0506-97-4   CHIEF JUDGE JOHANNA L. FITZPATRICK
                              MAY 5, 1998
CRAIG ALAN ETTER

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Gerald B. Lee, Judge

          David H. Fletcher (Martin A. Gannon; Gannon,
          Cottrell & Ward, on briefs), for appellant.

          David D. Masterman (Cheryl K. Graham; Condo &
          Masterman, on brief), for appellee.


     On appeal from the trial court's decision awarding Craig

Alan Etter (father) sole custody of the parties' children, Amy Jo

Clark Etter (mother) contends the court erred in finding:  (1)

that a material change in circumstances had occurred subsequent

to the parties' stipulated custody agreement; and (2) that the

change in circumstances justified a modification awarding sole

custody of the children to father.  For the following reasons, we

affirm the judgment of the trial court.

                              I.

     On May 16, 1995, mother and father entered a comprehensive

"Stipulation of Agreement" concerning the custody of their three

children.  This agreement was incorporated into a Final Decree of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Divorce on June 15, 1995.  The agreement established joint legal

custody:

> "meaning on all matters of importance,
> including but not limited to the residence of
> the children, their education, medical
> treatments, and all other developmental
> issues, . . . [the parties] shall make joint
> decisions in the best interests of the
> children."

On August 12, 1996, father filed for modification based on

numerous allegations that mother had violated the terms of the

agreement by failing to consult him on required issues, that the

parties could not communicate, and that mother had interfered

with his visitation.  He requested sole custody based on changed

circumstances.  Mother filed a similar petition on November 12,

1996, requesting sole custody based on changed circumstances,

including the parties' inability to co-parent.  On January 13,

1997, the trial court held a two day ore tenus hearing.

"'[W]e view the evidence and all reasonable inferences in

the light most favorable to the prevailing party below.'"

Johnson v. Johnson, 26 Va. App. 135, 144, 493 S.E.2d 668, 672

(1997) (citation omitted).  Viewed in this light, the evidence

adduced at the hearing established that the parents'

communication had deteriorated significantly from the time the

Stipulation of Agreement was entered.  Rather than consulting

with each other, they communicated via fax, phone, letter, and

occasionally through the children.  Further, mother made

decisions concerning the children without consulting father.

2

Most notably, she decided unilaterally to place Joseph, a child who required special services, in a different school and subsequently refused to discuss this issue with father, either directly or through mediation.  Additionally, the parties were unable to conduct visitation transitions smoothly.  When father was scheduled to pick up the children for his summer visitation in 1995, he obtained police intervention because mother refused to give him the children or to talk with him over the phone or in person.  The parties also engaged in argument over the duration of father's time with the children on Father's Day.

At the conclusion of the hearing, the trial court found that "joint custody has been a failure," because the parties "have not cooperated, not communicated."  The court further found that the friction between the parents has "impacted the children."  While the trial court acknowledged that father was not "blame free," the court noted mother's repeated refusals to participate in mediation or talk with father and her insistence on communicating by message, fax or mail.  The trial court reviewed each of the statutory factors in Code § 20-124.3 and concluded:

> under factor number six, the propensity of each parent to actively support the children's relationship with the other parent and the ability to cooperate -- there is a key distinction between the two [parties].  I find that Ms. Clark is well intentioned [but] her judgment over the last eighteen months has severely impacted these children's relationship with the father in a way that is unacceptable.  I find that . . . it is in the best interest of the children that the sole custody be awarded to the father.

II.

Mother contends the trial court erroneously found a change in circumstances justifying a modification of the stipulated custody agreement. We disagree.

The standard to be applied to modification of child custody is well settled:

> "A trial court, in determining whether a change of custody should be made, must apply a two-pronged test: (1) whether there has been a [material] change in circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child."

Wilson v. Wilson, 18 Va. App. 193, 195, 442 S.E.2d 694, 696 (1994) (quoting Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986)). "'Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence.'" Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993) (citation omitted). "[T]rial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990) (citing Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986)). "Where a trial court makes a determination which is adequately supported by the record, the determination must be affirmed." Farley, 9 Va. App.

4

at 328, 387 S.E.2d at 796.

In deciding what custody arrangement is in the child's best interests, the court must consider the following factors in Code § 20-124.3:

> 1. The age and physical and mental condition of the child, giving due consideration to the child's changing developmental needs;
> 2. The age and physical and mental condition of each parent;
> 3. The relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child;
> 4. The needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members;
> 5. The role which each parent has played and will play in the future, in the upbringing and care of the child;
> 6. <u>The propensity of each parent to actively support the child's contact and relationship with the other parent, the relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in matters affecting the child</u>;
> 7. The reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age and experience to express such a preference;
> 8. Any history of family abuse as that term is defined in § 16.1-228; and
> 9. Such other factors as the court deems necessary and proper to the determination.

(Emphasis added).

In the instant case, the record provides ample credible evidence that the custody circumstances had changed from the date

5

of the stipulation. The parties' inability to cooperate sufficiently to co-parent clearly was not contemplated by the agreement. The lack of effective communication and the inability to adequately consult and make joint decisions regarding the children undermined the earlier joint custody agreement. The trial court's finding that the joint custody plan was "a failure" was supported by credible evidence.

Additionally, mother conceded in her trial court pleadings that the parties' inability to communicate or maintain a civil relationship constituted a change in circumstances justifying a change in custody. Therefore, we hold that the trial court did not abuse its discretion in finding a change in circumstances requiring modification of the custody agreement.

Mother also argues that the trial court abused its discretion because the award of sole custody to father was unsupported by the evidence and contrary to the recommendation of the expert custody evaluator. We disagree. The trial court need not adopt the recommendation of the expert. See Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) ("the fact finder is not required to accept the testimony of an expert witness merely because he or she has qualified as an expert"). The record demonstrates that the trial court considered the behavior of both parents as well as the expert's recommendation. Although not required to do so, the court specified its reasons for rejecting the expert's recommendation

in favor of a more definitive solution. Furthermore, the record establishes that mother's behavior regarding visitation and her refusal to discuss schooling and other issues with father supports the trial court's finding that she "does not exhibit [a] spirit of cooperation." The record before us adequately supports the trial court's determination that the children's best interest was served by an award of sole custody to father.

Mother also contends the trial court erred in denying her motion to reconsider in light of evidence of the oldest child's desire to remain with mother and other proffered testimony. "In the absence of a material change in circumstance, reconsideration . . . would be barred by res judicata." Hiner v. Hadeed, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993). The trial court addressed the question of the children's wishes and declined to find that any of the children were of the age, intelligence, and experience to express a cognizable preference. As to the other proffered testimony, the court found that mother had an opportunity to present her case at the hearing. We hold that the proffered testimony failed to demonstrate a material change in circumstances subsequent to the trial court's custody order and that the trial court did not abuse its discretion in denying mother's motion to reconsider.

Father has requested an award of attorney's fees for this appeal. We find that wife had reasonable grounds for appeal. Therefore, husband's request for fees is denied. See Gayler v.

7

<u>Gayler</u>, 20 Va. App. 83, 87, 455 S.E.2d 278, 280 (1995).  For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>