COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


SANDRA REED HALE

                                                        OPINION BY
v.        Record No. 1028-03-3          CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                        DECEMBER 23, 2003
DONALD EUGENE HALE


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
George E. Honts, III, Judge

        Neil E. McNally (Barry M. Tatel; Key, Tatel, & McNally, P.C., on
        brief), for appellant.

        Burton L. Albert (Law Offices of Burton L. Albert, on brief), for
        appellee.


        The sole issue raised in this appeal is whether the language of paragraph 12 of the parties'

property settlement agreement entitled wife to a share of husband's 401(k) plan.  We hold that the

401(k) plan was subject to division under the property settlement agreement, and reverse the

judgment of the trial court.

I.  BACKGROUND

        Sandra Reed Hale (wife), and Donald Eugene Hale (husband) were married on May 19,

1963, and divorced by final decree on October 4, 1990 in the Circuit Court for Botetourt County.

They entered into a property settlement agreement (the agreement) on August 23, 1990, which

the trial court "affirmed, ratified, and incorporated by reference" into the final decree of divorce

pursuant to Code § 20-109.1.  At the date of entry of the final decree, husband was a participant

in two vested deferred benefit retirement plans funded in whole or in part by his employer,

Elizabeth Arden: the UNICare Retirement Plan (the UNICare plan), a defined benefit plan under § 3(35) of the Employer Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(35), and the Elizabeth Arden Employee Savings and Investment Plan, a defined contribution plan, as defined by § 3(34) of ERISA, 29 U.S.C. § 1002(34) (the 401(k) plan). Husband acknowledges that both are pension plans and both are governed by ERISA. Upon retirement, husband paid wife her share of the UNICare retirement plan, but contended his 401(k) plan was excluded from consideration. We disagree.

## II. ANALYSIS

Husband contends that the language of paragraph 12 of the agreement provides for the disbursement of a single pension plan, not "plans." He also argues that the agreement refers to a plan provided to him through his employer, which describes the UNICare plan, rather than a plan to which the employee contributes, which describes the 401(k) plan. Wife contends that the agreement provides that she share in both the 401(k) plan and the UNICare plan, as indicated by the use of the plural in the heading of paragraph 12: "DISTRIBUTION OF PENSION BENEFITS," and by the parties' intention, evident within the agreement, to settle all of their property rights. We agree with wife that the agreement provides that she share in both plans.

> Antenuptial agreements, like marital property settlements, are contracts subject to the rules of construction applicable to contracts generally, including the application of the plain meaning of unambiguous contractual terms. When a written marital agreement is presented, a court applies the same rules of formation, validity and interpretation used in contract law, except where specified by the Code.

King v. King, 40 Va. App. 200, 206, 578 S.E.2d 806, 809 (2003) (internal citations and quotations omitted).

Where a property settlement agreement is unambiguous,[1] "its meaning and effect are questions of law to be determined by the court. On review we are not bound by the trial court's construction of the contract provisions here in issue." Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985) (citing Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)); see also Garcia v. Enterprise Ford Tractor, Inc., 253 Va. 104, 107, 480 S.E.2d 497, 498-99 (1997). "In reviewing the agreement, we must gather the intent of the parties and the meaning of the language . . . from an examination of the entire instrument, giving full effect to the words the parties actually used." Layne v. Henderson, 232 Va. 332, 337-38, 351 S.E.2d 18, 22 (1986); see also Southerland v. Estate of Southerland, 249 Va. 584, 589, 457 S.E.2d 375, 378 (1995); King, 40 Va. App. at 206, 578 S.E.2d at 810.

> The court must give effect to all of the language of a contract if its parts can be read together without conflict. Where possible, meaning must be given to every clause. The contract must be read as a single document. Its meaning is to be gathered from all its associated parts assembled as the unitary expression of the agreement of the parties.

Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983); see also Sully Station II Community Station v. Dye, 259 Va. 282, 284, 525 S.E.2d 555, 556 (2000).

Applying these principles to the instant case, we hold that the language of paragraph 12, when read in context with the rest of the property settlement agreement, reflects the parties' intent to dispose of all of husband's vested retirement assets with his employer. Both the defined benefit pension and husband's 401(k) were a part of his "vested pension plan with his employer."

The property settlement agreement provided, in pertinent part:

> DISTRIBUTION OF PENSION BENEFITS. Husband acknowledges that he has a vested pension plan with his employer

---

[1] Both parties stipulated that the agreement is unambiguous. Thus, we do not *sua sponte* revisit this determination.

> to which wife would have a claim of equitable distribution. At Husband's retirement, or at his death, whichever shall first occur, one half (1/2) of said pension plan provided to him through his employer shall be paid to Wife at such a time as said pension plan is payable to husband or to Husband's estate. Wife shall be entitled to an amount equal to one half (1/2) of the value of said pension plan at the time that it is paid to Husband or to his estate. Husband waives any claim that he has to any pension plan of Wife's which may be provided to her through her employment or which may be available to her from any other source.

The agreement indicates that husband intended that wife benefit from the pension plan provided to him by his employer. We interpret the word "plan" to encompass the sum of all individual plans husband's employer provided, including both the UNICare and the 401(k) plans. While the employer provided the entirety of the UNICare retirement asset and partially provided the 401(k) retirement asset, both were a part of husband's total retirement plan.

The agreement specifically provided in the preamble that "the parties desire to confirm their separation and made arrangements in connection therewith, including the settlement of their property rights . . . ." Additionally, the heading for paragraph 12 delineates the pension benefits in the plural. This supports wife's position that the parties intended to dispose of all of their existing pension plans, and undermines husband's claim that it applied to only one of his two vested plans. The agreement taken as a whole indicates that the parties intended to settle all of their existing assets, including all pension plans owned by either party. Finally, paragraph 12 states that husband acknowledges that his employer provides a pension plan "to which wife would have a claim of equitable distribution" and that half of these assets should be disbursed to wife. This was a 27 year marriage. Wife would have a claim of equitable distribution to half of all pension plan assets accrued during the marriage. We therefore hold that wife is entitled to share in both the UNICare and the 401(k) plan.

The judgment of the trial court is reversed, and we remand for entry of an order allocating wife her share of the 401(k) plan.

Reversed.