COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Petty and Powell
Argued at Salem, Virginia


JAMES ALLAN MYERS

MEMORANDUM OPINION[*] BY
v.      Record No. 1509-10-3              JUDGE JAMES W. HALEY, JR.
                                             MARCH 8, 2011
SHELBY LYNNE SMITH MYERS


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Victor V. Ludwig, Judge

Frankie C. Coyner (Law Offices of Frankie C. Coyner, on brief), for
appellant.

Nancy A. Frank (Nancy A. Frank, P.C., on brief), for appellee.


I.  INTRODUCTION

James Allan Myers (husband) appeals a decision of the trial court granting his former

spouse, Shelby Lynne Smith Myers (wife), a share in two retirement plans.[1]  Husband argues a

property settlement agreement (PSA) granted wife a share in only one of the plans.  We affirm.

II.  BACKGROUND

Given our resolution of this case, the relevant facts may be succinctly stated.

Husband and wife separated on July 3, 2008.  They entered into a PSA on July 25, 2008,

that was prepared by husband's counsel.  The PSA contained a provision concerning the division

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The parties' names are misspelled in the briefs filed with this Court.  However,
reference to documents filed with the trial court, including the parties' actual signatures,
confirms the correct spelling.  We use only the correct spelling in this opinion.

of husband's retirement benefits obtained as a result of his employment with Merck. This paragraph stated:

> SECTION 7, RETIREMENT PLANS: WIFE shall be entitled to fifty percent (50%) of the value of HUSBAND's retirement plan at Merck for the period starting on the date of HUSBAND's employment with Merck and ending on July 3, 2008, the date the parties ceased to cohabit. HUSBAND and WIFE each waive any claims they may otherwise have against any other retirement plans or benefits available to the other. Each party agrees to execute any documents that may be required by any plan or benefit administration to carry out the provisions of the paragraph.

Husband had acquired an interest in two retirement plans from his employment. One represented a plan for hourly employees paid for by the company. A second plan known as the Merck Employee Stock Purchase and Savings Plan consisted of contributions from husband.

On September 3, 2009, husband objected to a proposed qualified domestic relations order from wife that would have divided husband's interest in the Stock Purchase and Savings Plan. Husband maintained that under the agreement wife should receive only a share of the hourly employees plan, without any share in the Stock Purchase and Savings Plan.

In a May 21, 2010 letter opinion, the trial court held wife should receive a share in both plans in accordance with the unambiguous provisions of the PSA. The court based its holding on Hale v. Hale, 42 Va. App. 27, 590 S.E.2d 66 (2003), writing: "If the language in Hale was not ambiguous . . . this Court cannot find the language in this case to be ambiguous."

## III. ANALYSIS

Husband maintains that because the agreement provided wife an interest in only his "retirement plan," she should only receive a share of the hourly employees plan. For the following reasons, we disagree.

We consider the parties' property settlement agreement under the same rules applicable to contracts. Bailey v. Bailey, 54 Va. App. 209, 215, 677 S.E.2d 56, 59 (2009). Contract

interpretation is a matter of law receiving *de novo* review in this Court. Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).

It is "the intent of the parties as expressed in the contract [that] controls." Gayler v. Gayler, 20 Va. App. 83, 86, 455 S.E.2d 278, 280 (1995). Where a contract is unambiguous, courts must give effect to the words used. Stacy v. Stacy, 53 Va. App. 38, 44, 669 S.E.2d 348, 351 (2008) (*en banc*). We "'are bound to say that the parties intended what the written instrument plainly declares.'" Irwin v. Irwin, 47 Va. App. 287, 293, 623 S.E.2d 438, 441 (2005) (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)).

We agree with the trial court that Hale controls the interpretation of the agreement in this case.[2] The property settlement agreement in Hale provided the husband had "a vested pension plan with his employer" and that the wife would receive half "of said pension plan provided to him through his employer." 42 Va. App. at 32, 590 S.E.2d at 68. Like this case, the husband argued the "pension plan with his employer" referred only to an employer-provided pension plan, not to a plan where the employee contributes, which the husband also possessed. Id. at 30, 590 S.E.2d at 67. The wife maintained the language covered both plans. Id. This Court agreed with the wife, holding the "plan" included "the sum of all individual plans husband's employer provided" since "both were a part of husband's total retirement plan." Id. at 32, 590 S.E.2d at 68. In doing so, the Court found important that the agreement showed "the parties intended to settle . . . all pension plans owned by either party." Id. at 33, 590 S.E.2d at 68. The Court also noted the wife would have an equitable distribution claim for half of all pension benefits obtained during the marriage. Id. Similarly, it could be said in this case that husband's "retirement plan" covered both the hourly employees plan and the Stock Purchase and Savings

---

[2] In Hale, the parties stipulated the agreement was unambiguous and the Court specifically declined to question this stipulation. 42 Va. App. at 31 n.1, 590 S.E.2d at 67 n.1. The parties here have also agreed that the agreement is unambiguous.

Plan. By including a waiver of all unmentioned retirement assets, the agreement plainly demonstrates a desire to settle all retirement issues, as in <u>Hale</u>.[3] Finally, by providing wife a fifty percent share of retirement assets from the beginning of husband's employment with Merck until the separation, it is clear that all the retirement funds were obtained during the marriage, giving wife a potential right to fifty percent of such funds. <u>See</u> Code § 20-107.3(A)(2).

Finally, we note that wife seeks attorney fees under the agreement. The agreement stated that if judicial "proceedings are instituted for the nonperformance of any covenant, promise or agreement herein contained, the defaulting party shall be responsible for" attorney fees. These proceedings were not initiated by wife for husband's breach, but rather by husband to determine his obligations. <u>See</u> <u>Stroud v. Stroud</u>, 54 Va. App. 231, 677 S.E.2d 629 (2009). Therefore, the contractual provision does not apply and we deny wife's request.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

[3] Husband distinguishes this case from <u>Hale</u> by arguing that here wife expressly waived any interest in unmentioned plans, whereas in <u>Hale</u> no such waiver was present. However, both the plans here came as a result of husband's employment "at Merck," as stated in the agreement. Moreover, as noted above, the waiver indicates a desire to settle all assets obtained "at Merck."